State vs, Scott.

## No. 212.

### THE STATE OF LOUISIANA VS. BOYD SCOTT.

Although a *pocket knife* be not *eo nomine* a dangerous weapon within sec. 932 of R. S., it may, *by its use*, be considered such, under sec. 794 R. S., which provides punishment for the infliction, with a dangerous weapon, of a wound less than mayhem.

A count, charging that the accused "with a certain dangerous weapon, commonly called a *pocket knife*, did feloniously inflict a severe wound less than mayhem on the body of," when proved, justifies a verdi t of guilty,

The ruling in 38 Ann. 942 has no bearing here.

|  |  |
|---|---|
| 39 | 943 |
| 51 | 934 |
| 39 | 948 |
| 104 | 445 |

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*D. C. Scarborough*, District Attorney, for the State, Appellee.

*Jack & Dismukes* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The indictment contains two counts: On the first the accused was acquitted, but on the second he was convicted.

The prosecution is based on section 794 of the Revised Statutes.

The second count is that the defendant, with a certain dangerous weapon commonly called a *pocket knife*, did feloniously inflict a severe wound less than mayhem on the body of ——, etc.

The motion in arrest made by the accused, charges that the indictment is fatally defective, because a pocket knife is *not* a dangerous weapon and because it does not charge "*with intent to kill.*"

The Statute provides ( sec. 794 R. S. ) that, " whoever shall, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall, upon conviction," etc.

It may well be that the accused could not, under sec. 932 R. S. have been convicted for carrying a dangerous weapon concealed on or about

his person, because a pocket knife is not *eo nomine* a dangerous weapon; but it does not follow that when, under sec. 794 R. S., the charge is that the accused did, with such a knife, feloniously inflict a severe wound less than mayhem, such weapon may not be considered by the court and jury as a dangerous weapon, by the use made of it, within the meaning of that section, particularly as the description of the weapon is not necessarily required by the statute, which merely mentions a *dangerous weapon*, i. e., any dangerous weapon which may be so by its use, or in itself.

Under the count as made, evidence could well have been received and if deemed sufficient the jury could have convicted the accused for having with *a dangerous weapon* inflicted a wound less than mayhem, on the body of another person.

It is true that the count does not charge that the accused did, *with intent to kill*, inflict a wound less than mayhem, though it does, that he did inflict the wound *feloniously*, but this is of no moment in this case.

The charge was made in accord with the requirements of the statute and, if the evidence adduced justified the findings, the jury could legally return the verdict rendered.

The ruling in State vs. Nelson, 38 Ann. 942, affords defendant no relief.

Judgment affirmed.