State vs. Brown.

## No. 10,332.

### THE STATE OF LOUISIANA VS. EUGENE BROWN.

It is well settled that wherever there is a change in phraseology and a word not in the Statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the Statute, or is of more extensive signification than it, and includes it, the indictment will be sufficient.

In an indictment for inflicting a wound less than mayhem, with a dangerous weapon, the character of the weapon is a fact to be determined by the jury. Rulings in cases of State vs. Jacobs, 10 Ann. 141; State vs. Scott, 39 Ann. 943.

| 41 | 345 |
| 51 | 933 |
| 41 | 345 |
| 104 | 445 |
| 41 | 345 |
| 105 | 353 |
| 41 | 345 |
| 106 | 185 |
| 41 | 345 |
| 112 | 344 |
| 41 | 345 |
| 118 | 551 |

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*W. H. Rogers*, Attorney General, and *C. H. Luzenberg*, District Attorney, for the State, Appellee.

*Jas. C. Walker, Amicus Curiæ.*

The opinion of the Court was delivered by

McENERY, J. The accused was indicted and convicted for inflicting a wound less than mayhem and sentenced to imprisonment at hard labor for two years.

The information charged that he "did wantonly and maliciously, with a dangerous weapon, to.wit, a knife, feloniously inflict a wound less than mayhem."

The record contains no bill of exception, assignment of errors, or motion of any kind.

Our attention, however, is called in the brief of counsel for the accused to alleged defects apparent on the face of the record.

These are the use of the word "wantonly" instead of "wilfully," found in the statute, and the word "knife," instead of "bowie, dirk knife," etc., as employed in Sec. 932, R. S., to describe a concealed weapon.

It is well settled that wherever there is a change made of phraseology and a word not in the statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive signification than it, and includes it, the indictment will be sufficient.

Wanton is of greater significance than wilfull and includes it in its meaning. Wharton, par. 376, 6th ed.; State vs. Williams, 32 Ann. 335.

The statute does not describe any particular kind of weapon as dangerous, and the character of the weapon is a fact to be determined by the jury. Section 932 of the Revised Statutes, in which the offense is carrying a weapon concealed, describes the weapon, and the designation of the weapon applies exclusively to the crime denounced in that section. The words "or any other dangerous weapon," following immediately the kind of weapons declared to be dangerous, refer to other weapons not included in the description, but of the same class.

In State vs. Nelson, 38 Ann. 942, the law as stated, applies exclusively to the offense in Sec. 932 R. S., and can have no reference to other sections of the Revised Statutes in which the use of a dangerous weapon in inflicting wounds is made an offense, because in those sections there is no description of a dangerous weapon. The grievance of the offense in them is the inflicting of the wound less than mayhem, the stabbing, cutting and thrusting, and it may be *well* left to the jury to determine the dangerous character of the weapon with which the wound is inflicted.

The question raised by the defense is not an open one. It has been definitely and finally settled in the case of State vs. Jacobs, 10 Ann. 141, and State vs. Scott, 39 Ann. 943.

Judgment and sentence affirmed.