(106 So. 701)

No. 27521.

STATE v. GREEN.

(Nov. 30, 1925. Rehearing Denied Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Assault and battery ⬅⮞80—May show infliction of wound with razor upon information charging that wound was inflicted with knife.**

In prosecution for inflicting wound less than mayhem, under Rev. St. § 794, as amended by Acts No. 17 of 1888, *held*, that evidence showing infliction of wound by razor was properly admitted, notwithstanding that information charged wound was inflicted with a knife.

2. **Indictment and information ⬅⮞161(5)—Information charging inflicting wound with knife may be amended by substituting word "razor."**

Under Rev. St. § 1047, amendment to information charging inflicting wound less than mayhem with knife by substituting the word "razor" for "knife" would have been fully justified.

3. **Criminal law ⬅⮞404(4)—Bloody clothes of prosecuting witness admissible in evidence after identification by her.**

In prosecution for inflicting wound less than mayhem, admitting bloody clothes of prosecuting witness in evidence, after having been identified by prosecuting witness, *held* proper, notwithstanding that clothes had been in cus-

tody of her mother up to day of trial, who was not called to testify as to their preservation.

4. **Criminal law ⬅⮞663—Evidence not placed in custody of clerk of criminal district court admissible after proper identification.**

In prosecution for inflicting wound less than mayhem, admission of bloody clothes in evidence, after identification by prosecuting witness, *held* proper, notwithstanding that they had not been placed in custody of clerk of criminal district court as required by Rev. St. § 1015.

5. **Criminal law ⬅⮞720(7)—District attorney may review evidence produced before jury and state conclusions drawn therefrom.**

District attorney has right to review evidence produced before the jury and to state his conclusions drawn therefrom.

6. **Criminal law ⬅⮞720(7)—Jury may determine whether arguments presented by attorney were reasonable inferences from the testimony.**

Argument of counsel for state that, to give point for defense as to tampering with witness any weight, jury must find "a vile conspiracy to convict an innocent woman had been entered into between the district attorney's office and another," *held* not improper, however illogical, since jurors are presumed to be sensible men, and they may determine whether district attorney had drawn reasonable inferences from argument of counsel for defendant and testimony of case.

7. **Criminal law ⬅⮞730(8)—Trial judge need not act on objection to argument which is reasonable inference from testimony.**

Where counsel for state in his argument did not transcend bounds of legitimate argument and of drawing reasonable inference from testimony, there is no necessity for action on part of trial judge.

8. **Criminal law ⬅⮞1086(14)—Exceptions to charge that only verdict could be guilty or not guilty held without merit, in absence of request for special charges.**

Where record fails to show that counsel for accused presented and judge refused any special charges as to verdicts or particular offense of lower grade than that charged in indictment, exception to charge that only verdict which could be rendered was guilty or not guilty *held* without merit.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Georgiana Green was convicted of willfully and maliciously inflicting a wound less than mayhem with a dangerous weapon, and she appeals. Affirmed.

James Wilkinson, of New Orleans, for appellant.

Percy Saint, Atty. Gen., Henry Mooney, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

LAND, J. The defendant is charged with the crime of willfully and maliciously inflicting a wound less than mayhem upon one Mary Allen with a certain dangerous weapon, to wit, a knife.

Appealing from the conviction and sentence in this case, defendant relies for the reversal of the judgment against her upon the following bills of exception:

### Bill No. 1.

The district attorney, before proceeding to trial, asked that the information be amended by substituting the word "razor" for "knife."

Counsel for defendant objected to the proposed amendment, and requested a continuance in the event that the amendment should be allowed. The trial judge refused the amendment to the information, stating that the same was not necessary, as the state could show on the trial that the wound was inflicted by a razor, a weapon of the knife kind, without any amendment.

The district attorney then withdrew his application to amend the information, and the court ordered the trial to proceed. Defendant objected and reserved this bill.

### Bill No. 2.

On the trial of the case the prosecuting witness, Mary Allen, was asked by the district attorney whether the accused had cut her with a knife or a razor. This question was objected to by counsel for defendant on the ground that the state, having specified in the information the exact weapon used, was estopped from proving that a razor was used instead of a knife, as a razor is not usually classed as a knife in criminal law, but as a separate weapon.

The state witness was permitted to testify that the defendant had cut her with a razor. The defendant, as a witness on her own behalf, testified that she had inflicted the wound, not with a razor, but with a knife, and stated that she did so in self-defense.

Revised Statutes, § 794, as amended by Act 17 of 1888, p. 14, reads as follows:

"Whoever shall willfully and maliciously, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall, on conviction, be imprisoned not exceeding two years, with or without hard labor, and fined not exceeding one thousand dollars."

In State v. Washington, 104 La. 443, 29 So. 55, 81 Am. St. Rep. 141, the indictment charged that the wound was inflicted with "a piece of iron," and on the trial of the case the state proved, without objection, that the wound was made with a switch and a walking cane.

In that case, the following special charge was requested:

"That the state in this case must show beyond a reasonable doubt that the wound was inflicted with the weapon named in the bill of indictment, viz., a piece of iron, and the piece of iron, when used, as a weapon, was dangerous."

The reason given in State v. Washington by the trial judge for the refusal of this special instruction, was that:

"The defendant permitted the state to prove, without objection, that the wound had been made a switch and a walking cane, and the court considered the evidence supplied pleading, and charged the jury as above stated."

This ruling was sustained on appeal. It is said in the opinion in that case:

"It is plain, however, that in the contemplation of the law the crime could have been as well committed with a piece of brass, or a stick, or any other instrument or thing capable of producing the same effect, which, either of itself or by reason of its use, should be held to be a dangerous weapon. It is true that objection might have been made on the ground of 'variance' to the introduction of evidence tending to show the use of any other instrument than that specified in the indictment, but it is by no means clear that such an objection should have been sustained. 'In all cases,' says Mr. Bishop, 'it is simply required that the proof sustain so much of the allegations as constitutes the crime to be punished. It need not cover more, though alleged.' 1 Bish. Cr. Prac. par. 127.

" 'In an indictment for murder, an allegation that the death was produced with a knife will be supported by proof that it was produced by a dagger, sword, staff, or the like, or any instrument capable of the same effect.' Whart. Cr. Ev. par. 143. Whether the weapon used by defendant was dangerous within the meaning of the statute was a question for the jury to determine upon considering not only the character of such weapon, but by whom, upon whom, and in what manner it was used. State v. Scott, 39 La. Ann. 943, 3 So. 83; State v. Brown, 41 La. Ann. 345, 6 So. 541."

[1] If Act 17 of 1888 had declared that the wounding less than mayhem must be inflicted with a particular weapon or weapons, it is clear that the state would be required, as an essential element of the crime, to allege and prove the wounding by a defendant with the designated statutory weapon. But this is not the case, and the authorities cited by the court in the Washington Case, supra, are held sufficient to sustain in the present case the ruling of the trial judge admitting proof of the infliction of the wound with a razor.

[2] Such variance was not material to the merits of the case, and the defendant could not have been prejudiced thereby in her defense. Such amendment, if the same had been allowed, would have been fully justified under R. S. 1870, § 1047.

The trial in such cases, as provided in said section, "is to be had before the same or another jury, as the court shall think reasonable."

The continuance applied for by defendant was properly refused.

### Bill No. 3.

[3] This bill was reserved to the admission of the bloody clothes of the prosecuting witness, Mary Allen, which had been in the custody of her mother up to the day of the trial. The clothing was admitted in evidence after it had been properly identified by the prosecuting witness, and the jury was instructed that the purpose of this admission was to enable them to determine the relative positions of the parties at the time of the alleged crime. It was objected, by counsel for the defendant, that the mother of the prosecuting witness was not put on the stand to prove that said clothing had not been changed, altered, or tampered with during said time. The prosecuting witness herself evidently was aware of the condition of her clothes at the time of and after the cutting, and she was fully at the disposal of the counsel for defendant to answer any question on cross-examination as to any changes, if any had been made, in the clothing while in her mother's possession.

If the defense had seen fit to go into this question, ample opportunity was afforded.

Counsel also objected to the admission of this clothing, on the ground that it had not been placed in the custody of the clerk of the criminal district court for the parish of Orleans, as required by section 1015 of the Revised Statutes of 1870.

[4] While this section requires that justices of the peace shall deliver to the clerks of court "the money, goods or other chattels stolen, the weapons used, the bills or obligations forged, or any other property or piece of evidence that may be used on the trial," and while it is made the duty of the clerks of court "to receive and keep the same in

safe and sure custody, subject to the order of the court, taking care to preserve the identity of the same," yet we know of no law, and have been cited to none, which prohibits the admission of such evidence, because the same has not been delivered to clerks of court, if the objects offered have been properly identified.

Such objections go clearly to the effect and not to the admissibility of such testimony.

### Bill No. 4.

This bill was taken to the competency of a negro girl, a state witness, 11 years old, on the ground that she was not a person of proper understanding. The witness attends the McDonogh school, and is in the fourth grade. The answers on her voir dire are in the record, and, after reading the same, as well as her testimony, we concur in the ruling of the trial court that she is a person of sufficient intelligence to testify, and is a competent witness, under Act 157 of 1916.

### Bill No. 5.

[5] Counsel for defendant objected to the statement made by the district attorney in his address to the jury:

"That the evidence showed that the accused had not inflicted the wound on Mary Allen with a pocket knife, as claimed by accused, but that said wound was inflicted with a razor."

This objection is based upon the ground that the state could not contradict the recitals of its own information and was bound thereby. We have already discussed the admissibility of the testimony under the allegations of the indictment as to the cutting having been done with a razor. It requires no citation of authority to sustain the right of the state's attorney to review the evidence adduced before the jury, and to state his conclusions drawn therefrom.

### Bill No. 6.

[6] A witness summoned by the state was not put on the stand by the district attorney, but testified for the defense that Ellen Harris, the sister of the prosecuting witness, prior to the difficulty, had dared the accused to come out into the street and fight, and that Ellen Harris, with the prosecuting witness, had attacked and struck accused when she did come into the street. Ellen Harris was not put on the stand by the state to rebut this testimony.

In answer to the argument of counsel for defendant, that "the attempt of Ellen Harris to tamper with this witness showed her testimony to be unworthy of belief," the district attorney replied that "in order to give this point for the defense any weight, the jury must find that a vile conspiracy to convict an innocent woman had been entered into between the district attorney's office and Ellen Harris."

Counsel complains that the state's argument was unfair to the accused. Counsel on both sides were arguing as to the weight and effect of certain testimony before the jury. This was perfectly legitimate, however illogical the argument of either counsel may have been. Jurors are presumed to be sensible men, and it is for them to determine whether the district attorney has drawn a reasonable inference from the argument of the counsel for defendant and the testimony in the case.

The trial judge, for this reason, took no action in the matter. We fail to find any prejudice to the accused from the remarks made to the jury by the prosecuting officer. State v. Bush, 117 La. 463, 41 So. 793; State v. Conners, 142 La. 206, 76 So. 611; State v. Accardo, 129 La. 671, 56 So. 631; State v. Romero, 117 La. 1003, 42 So. 482; State v. Johnson, 119 La. 130, 43 So. 981.

### Bill No. 7.

[7] Counsel for accused objected to the closing remarks of the district attorney "that the motive of the accused in inflicting the wound on Mary Allen was caused by jealousy over the former's paramour," on the ground that the uncontradicted evidence in the record was that the accused was the faithful wife of Joseph Green.

The trial judge states in his per curiam, however, that "the district attorney was drawing a reasonable inference from the testimony when he made the remark." As counsel for the state did not transcend the bounds of legitimate argument, there was no necessity for any action upon the part of the trial judge.

### Bill No. 8.

Counsel for defendant reserved this bill to that portion of the general charge instructing the jury that:

"Under the law, to justify a conviction, the evidence must show, besides the other elements constituting the offense charged, that the wound was inflicted by means of a knife, as charged in the information, or by means of some other dangerous weapon belonging to the same class of dangerous weapons as a knife. For example, a razor belongs to the same class of dangerous weapons as a knife, etc."

We have disposed of this objection in discussing bills of exception Nos. 1 and 2.

Exception was also taken to that part of the general charge which stated that the only verdicts that could be rendered in this case was guilty or not guilty, it being contended that under the information on file the accused could be found guilty of "willfully and maliciously inflicting a wound less than mayhem," which the court denied.

The district judge states in the per curiam to this bill that "the law and the evidence would not have supported any other charge."

[8] The record fails to disclose that counsel for defendant presented, and that the trial judge refused, any special charges to the jury as to verdicts for any particular offense of lower grade than that charged in the indictment. The bill is therefore without merit.

The conviction and sentence appealed from are affirmed.