(115 So. 464)

No. 28992.

## STATE v. STRIPLIN.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Criminal law** 🔑1144(8)—**Appellate court may assume in absence of contrary showing that clerk, not chief deputy clerk, was jury commissioner (Act No. 135 of 1898, § 3).**

On appeal from conviction for murder where it had not been alleged or proved that clerk of court had not acted as jury commissioner so that, under Act No. 135 of 1898, § 3, chief deputy clerk became, ex officio, a jury commissioner, appellate court may assume that clerk acted as commissioner and that chief deputy clerk did not.

2. **Grand jury** 🔑8 — **Jury** 🔑66(1) — **Chief deputy clerk held proper witness to selection of grand and petit jury panels, in absence of proof that he was jury commissioner (Act No. 135 of 1898, § 3).**

Chief deputy clerk *held* proper witness to the selection of the grand and petit jury panels by the jury commission, in absence of proof that clerk of court had not acted as commissioner and that chief deputy clerk had become, ex officio, a member of the jury commission, under Act No. 135 of 1898, § 3.

3. **Criminal law** 🔑1166½(5)—**That slips bearing names from which jury panel was drawn differed in color and that some were printed held harmless, no prejudice resulting (Act No. 135 of 1898, § 4, as amended by Act No. 58 of 1904).**

That slips in venire box bearing names of persons from which jury panel was drawn differed in color, size, and texture, and that some had printing on them, *held* improper but harmless where no prejudice resulted, notwithstanding Act No. 135 of 1898, § 4, as amended by Act No. 58 of 1904, the intention of which act was that slips be of uniform size and color, although not expressly so providing.

4. **Homicide** 🔑319—**Motion for new murder trial without averment or showing that newly discovered evidence was not available at trial held properly overruled.**

Overruling motion for new murder trial for newly discovered evidence *held* proper, in absence of averment and evidence showing that the new evidence could not have been produced at the trial by the exercise of reasonable diligence.

Appeal from Seventh Judicial District Court, Parish of Catahoula; R. M. Taliaferro, Judge.

Oliver C. Striplin was convicted of murder, and he appeals. Affirmed.

S. R. Holstein, of Winnsboro, for appellant.

Percy Saint, Atty. Gen., Jos. M. Reeves, Dist. Atty., of Vidalia, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. The defendant was convicted of murder, without capital punishment, and sentenced to imprisonment in the Penitentiary for the rest of his life. He has appealed from the verdict and sentence, and relies upon three bills of exception.

The first bill relates to the overruling of a motion to quash the indictment. It was charged in the motion that the selection of the grand jury panel and the drawing of the petit jury panel, by the jury commission, was illegal because one of the two witnesses to the proceedings was the chief deputy clerk of court; and it was charged that the grand jury that indicted the defendant was composed of only eleven qualified members.

[1, 2] It is admitted that one of the two witnesses who signed the procès verbal of the drawing of the jury was the chief deputy clerk of court. Section 3 of the Act 135 of 1898, p. 218, declares that, in case of the inability of the clerk of court to act as a jury commissioner, for any cause, the chief deputy clerk shall be, ex officio, a member of the jury commission. But it is not alleged in this case, and the record does not show, that the clerk of court was unable to serve as a jury commissioner; and we assume that he did serve, and that the chief deputy clerk of court was therefore not at the time a member of the jury commission and was therefore qualified to serve as a witness to the proceedings.

It is not true that the grand jury that brought in the indictment was composed of only eleven qualified members. It appears that a former indictment for the same crime was quashed, on defendant's motion, because one of the grand jurors was disqualified. Thereafter the judge ordered the grand jury, and the rest of those whose names were on the list of grand jurors, and whose names had not been drawn for service, summoned into court; and the judge then completed the grand jury by the drawing of a name to take the place of the one who had been declared disqualified; all of which was done according to the provisions of section 7 of the Act 135 of 1898, p. 221. There is therefore no merit in the bill of exceptions No. 1.

[3] Bill No. 2 was reserved to the overruling of a motion to quash the jury panel. The ground for the motion was that, in supplementing the names in the general venire box, from which the jury panel was afterwards drawn, the clerk of court wrote the names on slips of yellow paper, on the back of which was printed the name of a firm, S. C. Toof & Co., and the number 500; whereas, the slips bearing the names remaining in the box were of white paper. Of the 30 names of jurors drawn for service during the week in which the defendant's case was tried 18 were on the yellow slips and 12 on white slips of paper. Section 4 of the Act 135 of 1898, p. 218, as amended by the Act 58 of 1904, p. 136, declares that each of the 300 names to be placed in the general venire box shall be written by the clerk on a separate slip of paper, with the number of the ward or place of residence of the person whose name is written on the slip or ballot. Although the law does not say so, its manifest intention is that the ballots or slips of paper shall be of uniform size and color, so as to make it impossible to discriminate, or to select any particular individual

for jury service, either in the drawing of the jury panel or in the drawing of a jury from the panel. In this case, however, it is not charged or contended that there was any discrimination, or selecting of any individual for jury service, either in the drawing of the jury panel or in the drawing of the jury from the panel; and the judge says in his statement per curiam that the yellow and the white slips of paper were very nearly of the same size and texture, and that the difference in the color of the slips, or the fact that the yellow slips had the printed matter on them, did not make it possible to select any particular name in the drawing of the jury panel or in the drawing of the jury from the panel. Although the irregularity did no harm in this instance, and is therefore not a sufficient cause to set aside the verdict, we take occasion to request the clerks of court to use blank slips of paper of uniform size and color, on which to write the names to be placed in the general venire box.

[4] Bill No. 3 was reserved to the overruling of a motion for a new trial, based upon the allegation of newly discovered evidence. It was alleged in the motion that two important witnesses, named in the motion, were discovered after the trial, who would contradict the testimony given by the state's witness, in two important particulars mentioned in the motion; but the motion was not supported by an allegation that the witnesses could not have been produced at the trial; and the minutes of the court show that, by consent of counsel, the motion was submitted without the offering of evidence to support it. Without an averment or showing that, with due diligence, the alleged newly discovered evidence could not have been produced at the trial, the motion for a new trial was not well founded.

The verdict and sentence are affirmed.