(116 So. 712)

No. 29150.

## STATE v. LINER.

April 9, 1928.

L. K. Watkins, of Minden, for appellant.

Percy Saint, Atty. Gen., R. H. Lee, Dist. Atty., of Minden, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. The appellant was convicted of the offense of having whisky in his possession for sale for beverage purposes. He filed a motion for a new trial on the ground that the conviction was contrary to the law and the evidence. The motion was overruled, and a bill of exceptions was reserved to the ruling. It is stated in the bill, signed by the judge, that, in deciding the case, he took into consideration that the defendant "did not take the stand to make any explanation in regard to the matter, * * * and, in the absence of such proof, the court felt justified in deciding that the defendant, Liner, was guilty of having possession of intoxicating liquor for sale, and that the motion for a new trial was denied, as the facts set up in the motion were in the knowledge of the defendant prior to his trial, and he did not see fit to avail himself of the opportunity of testifying in the case, or of having B. B. Shelfer do so."

The Act 157 of 1916, p. 379, in declaring that a person charged with the commission of a crime shall, at his own request, but not otherwise, be deemed a competent witness, declares that "his neglect or refusal to testify shall not create any presumption against him." The judge therefore erred in allowing the defendant's failure to testify to create a

presumption against him, or to influence the judge in deciding the case. In State v. Marceaux, 50 La. Ann. 1137, 24 So. 611 (citing Wilson v. United States, 149 U. S. 60, 13 S. Ct. 765, 37 L. Ed. 650), and in State v. Robinson, 112 La. 939, 36 So. 811, the court went so far as to say:

"When the district attorney has commented before the jury on the failure of the accused to testify in his own behalf, the verdict will be set aside, even though the judge instructed the jury to dismiss the comment from their minds, and not to permit themselves to be influenced by it, or by the failure of the accused to testify."

It is not necessary to say whether we should go so far as to adhere to the ruling in State v. Marceaux and State v. Robinson that the error, if made by the district attorney, could not be remedied by a retraction on his part or by proper instruction by the judge to the jury. It is sufficient to say that the judge admits in this case that he was influenced, in deciding that the defendant was guilty, by his failure to avail himself of the privilege of testifying.

The Act 157 of 1916, p. 379, is taken almost literally from the Act of Congress of March 16, 1878 (20 Stat. at L. 30, c. 37 [28 USCA § 632]), which provides:

"That in the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors, in the United States courts, territorial courts, and courts-martial, and courts of inquiry, in any state or territory, including the District of Columbia, the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him."

In Wilson v. United States, 149 U. S. 60, 13 S. Ct. 765, 37 L. Ed. 650, the defendant was prosecuted and convicted for using the mails to give information where and by what means obscene and lewd publications might be obtained (25 Stat. at L. 496 [18 USCA § 334]). The verdict and sentence were set aside because the United States attorney, in his argument to the jury, referred to the fact that the defendant had not availed himself of his privilege of being a witness in the case. Mr. Justice Field stated the case thus:

"The defendant did not request to be a witness or offer himself as such, and the district attorney of the United States, in summing up the case to the jury, commented upon the fact that he had not appeared on the stand, as follows:

" 'They say Wilson is a man of good character. It is a grand thing for a young man in Chicago to be the son of an honest man, because blood will tell. If the father is honest, the chances are the son will be honest too. Men live all their lives to build up a good character, because it is a shield against the attack of infamy. They called two or three witnesses here who testified to this young man's character as being good, so far as they knew; but I want to say to you, gentlemen of the jury, that, if I am ever charged with a crime, I will not stop by putting witnesses on the stand to testify to my good character, but I will go upon the stand, and hold up my hand before high heaven, and testify to my innocence of the crime.'

"To this language of the district attorney the counsel for the defendant excepted, and called the court's attention to it, and the court said: 'Yes, I suppose the counsel should not comment upon the defendant not taking the stand. While the United States court is not governed by the state's statutes, I do not know that it ought to be the subject of comments by counsel.' To which the district attorney replied as follows: 'I did not mean to refer to it in that light, and I do not intend to refer in a single word to the fact that he did not testify in his own behalf.' To which the counsel for the defendant thereupon excepted."

In the course of his opinion, Mr. Justice Field observed that, at common law, a person accused of crime was not permitted to testify in his own behalf, and could not be compelled to testify. He had the right to rely upon the presumption of the law that he was innocent, and to leave it to the government to establish his guilt beyond a reasonable doubt. The learned justice observed that the purpose of the federal statute—and of the several state statutes copied from it—was to permit the accused person to testify in his own behalf, if he saw fit to take the witness stand,

but not to compel him to take the stand in order to avoid the unfavorable presumption which, but for the proviso to the contrary in the statute, might naturally arise from his failure to avail himself of the privilege. The statute would defeat, instead of serving, the purpose which it was intended to serve, if the judge and jury were not forbidden to allow the defendant's failure to testify to create a presumption against him. Without such a provision, the statute would virtually compel an accused person to testify—in violation of the spirit of the constitutional protection against a person's being compelled to testify in any criminal proceeding against him.

The conviction and sentence are annulled, and the case is ordered remanded to the city court of Minden for a new trial.