ROGERS, J.
 

 Appellant was tried and convicted of the offense of having intoxicating liquor (whisky) in his possession for sale for beverage purposes. On appeal, he complains of the refusal of the trial judge to- charge himself, as he was specially requested to do, that in order to convict defendant it was incumbent upon the state to prove or to offer some evidence, either direct or circumstantial, that he possessed the liquor for sale for beverage purposes. The charge requested was refused, as shown by the statements per curiam, upon the grounds, substantially, that the trial judge felt the defendant was guilty because he knew him and he knew all the circumstances connected with the case; that the trial was a mere formality in a play by defendant for delay because he did not want to go to jail at the time; and that defendant did not even offer any evidence in his own behalf.
 

 In State v. Pilcher, 161 La. 135, 108 So. 312, we pointed out that the statute made unlawful the mere possession of intoxicating liquor for-beverage purposes, as well as the possession of it for sale for beverage purposes; a different penalty being provided for each offense. We held, also, in that case, that while the lesser is included in the greater charge, and on the greater charge an accused may be found guilty of the lesser one, nevertheless, before a person can be convicted of possessing intoxicating liquor for sale for beverage purposes, it is necessary for the state to prove, either by circumstantial or positive evidence, the intent to sell, which is an essential element of the offense.
 

 The explanation contained in the statements per curiam plainly shows that the opinion of the trial judge that the defendant was guilty was not based solely on the evidence offered on the trial of the case, but was formed, mainly, from his general knowledge of the defendant and from certain information in his possession dehors the record, together with his inference that defendant was not serious in his defense, but was merely playing for time, and the presumption created in his mind against defendant because of his failure to offer any evidence in his defense.
 

 The rule is well settled that in a judicial trial the facts must be found in accordance with the evidence submitted, unaffected by the personal opinion or private knowledge of the judge who tries the case. The trial judge erred, therefore, in refusing to charge himself as he was requested to do. He erred, also, in allowing defendant’s failure to offer any evidence in his -behalf to create a presumption against defendant or to'influence him in his decision of the case. Defendant had the right to rely upon the presumption of the law that he was innocent, leaving it to the state to establish his guilt beyond a reasonable doubt. State v. Liner, 166 La. 97, 116 So. 712.
 

 For the reasons assigned, the conviction and sentence appealed from are annulled, and the case is remanded to the district c'ourt for a new trial.