(126 So. 514)

## STATE v. PIERCE.

No. 30045.

Feb. 3, 1930.

Edward I. Mahoney, of New Orleans (Loys Charbonnet, of New Orleans, of counsel), for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and Chandler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans (Daly & Hamlin, of New Orleans, assisting the State), for the State.

ROGERS, J.

Milton Pierce was indicted for the murder of Alice Royal, or Alice Roy, on December 26, 1928. He was convicted of manslaughter and sentenced to imprisonment in the penitentiary for not less than five nor more than eight years. This is the appeal of

the defendant, who relies on four bills of exception to obtain the reversal of his conviction.

■■ Bill No. 1. Beulah Brown, a witness for the state, was asked, on direct examination, a series of questions, tending to show the entry of the defendant into the house of one Mary Williams, another state witness, on Christmas night, a few minutes after twelve o'clock, the occurrences between defendant and Mary Williams and certain statements made by defendant to Mary Williams relative to Alice Royal, or Roy, the dead woman. The line of examination adopted by the state was objected to by defendant on the ground that it was illegal and inadmissible; that the defendant was on trial for the murder of Alice Royal and the testimony elicited was in reference to another woman—Mary Williams. The prosecuting attorney explained to the court that the purpose of the testimony was to show prior threats by defendant against the life of the deceased. Defendant's objection was then overruled.

The ruling complained of is correct. In a prosecution for murder, the state is permitted to offer evidence of prior threats by the defendant, against the deceased for the purpose of showing motive and malice in the commission of the homicide. The evidence is admissible whether the threats were ever communicated to the deceased or not; and no mere distance of time is sufficient to make defendant's threats irrelevant. Time may be considered, but is not conclusive. Marr's Crim. Juris. (2d Ed.) vol. 1, § 49, p. 99, and authorities there cited.

Defendant contends that the testimony of the witness Beulah Brown fails to show that he had uttered any threat against the deceased. The contention is one that involves the effect to be given the testimony rather than to its admissibility. It was for the jury to determine that, not the court.

■ Bill No. 2. After the defendant had closed his case, the state offered in evidence the coat worn by the dead woman at the time of the homicide. The evidence was objected to by defendant on the ground that it was not rebuttal evidence. Defendant's objection was overruled and he reserved this bill.

Defendant, under a writ of certiorari, obtained a transcript of all the evidence offered on the trial of the case and filed the transcript in this court. Defendant argues that an examination of this transcript will show that the offer in evidence of the deceased's coat did not constitute the offer of rebuttal evidence. Nevertheless, defendant fails to point out wherein the evidence in question was not rebuttal evidence or wherein he was injured by reason of its admission.

But if it be conceded that the evidence objected to by defendant should have been offered by the state in chief and not in rebuttal, the question of its admissibility was one addressing itself to the sound discretion of the trial judge. Crim. Code, art. 379, State v. Jones, ante, p. 291, 125 So. 127, recently decided. The trial judge does not abuse his discretion where he does not deny the defendant the right, upon defendant's demand, to rebut the evidence which he permits to be given. Where defendant makes no such demand, the presumption is that he has suffered no substantial injury by reason of the introduction of the evidence. State v. Jones, referred to supra. In the case before us, the defendant made no request for permission to rebut the evidence to which he objected, nor did he attempt to rebut that evidence.

Our conclusion is that the bill is not well founded.

■ Bill No. 3. When the coat of the deceased was offered in evidence by the state

the defendant objected on the ground that the garment had never been in the possession of the clerk of the criminal district court, its proper custodian. The objection was overruled, and defendant reserved this bill to the court's ruling.

The facts, as disclosed by the record, show that the coat was identified as the coat worn by the deceased at the time she was killed. The coat had been continuously in the possession of one of the counsel assisting the prosecution, to whom it had been delivered shortly after the killing. The coat was sent by the authorities of the hospital to the husband of the deceased woman, and by him was turned over to Mary Williams, who was with the deceased when the homicide occurred, for delivery to the attorney assisting the state, who produced it on the trial of the case.

The bill is untenable. The precise question involved in this bill was before this court in State v. Green, 160 La. 79, 106 So. 701, wherein we held that such an objection, as the one made here, goes to the effect and not to the admissibility of the testimony.

Bill No. 4. This bill was reserved to the overruling by the trial judge of defendant's motion for a new trial. The merits of the bill are not argued and the bill is not referred to in the brief filed on behalf of the defendant. The motion, itself, is quite lengthy, but, in substance, is nothing more than an attack on the verdict of the jury as being contrary to the law and the evidence and a complaint against the rulings of the trial judge on defendant's objections to the admission of evidence as set forth in defendant's other bills, which we have hereinabove disposed of. There is no merit in the bill.

For the reasons assigned, the conviction and sentence appealed from are affirmed.