ROGERS, Justice.
 

 The relator, Frank Fulco, was charged in three indictments with violating section 1 of Act 16 of 1920, which reads as follows:
 

 “It
 
 shall be unlawful for any Police Juror to draw money from his Parish Treasury, either directly or indirectly other.than his per diem and mileage except that the Parish Treasurer shall be authorized to pay the official expenses of any officer of the Police Jury or member of the Police Jury, who is acting under authority of the Police Jury.”
 

 In each indictment it is charged that relator, while a police juror for Caddo Parish, drew money from the parish treasury directly and indirectly in excess of his per diem and mileage in certain stated amounts, “the same being payment of sales of merchandise and printing and stationery and supplies to Police Jury of Caddo Parish, Louisiana, by Standard Printing Company, a partnership, the said Frank.Fulco being, when said sales were made and said money drawn, owner and member and partner of said Standard Printing Company and Police Juror, as aforesaid.”
 

 One indictment shows a payment of $25.-25 by the police jury to the Standard Printing Company on April 10, 1939; another indictment shows a payment to the company by the police jury of $14.95 on May 9, 1939, and the third indictment shows a payment to the company by the police jury of $5.30 on May 29, 1939.
 

 The case was tried on a written stipulation of facts, no oral testimony whatever having'been adduced on the trial. The trial judge found relator guilty on all the indictments and sentenced him in one case to pay a fine of $50, or serve 30 days in prison, which sentence was suspended. On the second indictment, the trial judge imposed upon relator a fine of $50, or 30 days imprisonment, and on the third indictment, he imposed on relator a fine of $100, or 30 days imprisonment.
 

 
 *550
 
 Relator’s complaint is that the judgments and sentences imposed on him are unwarranted, for the reason that they are not supported by the evidence in the record. As we have stated, the only evidence appearing in the record is contained in the written stipulation of facts. Relator’s contention is that the admitted facts do not support his convictions and sentences; in other words, that no evidence whatever was offered by the prosecution to convict, or tending to convict, relator of the offenses charged in the indictments.
 

 Relator’s complaint is not that the evidence is insufficient, but that there is no evidence whatever to support his convictions. The facts being admitted, the question presented is one of law, that is, do those facts support the charges contained in the indictments? If they do, relator was properly convicted; if they do not, then relator’s convictions are unwarranted and must be set aside.
 

 The agreed statement of facts first sets forth that on the dates mentioned in the indictments the relator, Frank Fulco, was a member of the Police Jury of Caddo Parish; that he was also one of six persons composing the partnership of the Standard Printing Company, relator owning a third interest in the partnership; and that the Standard Printing Company was engaged in the publishing, printing and stationery business in the City of Shreveport. The statement then shows the following facts contained in paragraphs six and seven, to-wit:
 

 “6. The defendant Frank Fulco’s main duties in the said partnership are that of editor of the weekly newspaper known as the News Record and he does not participate except incidentally and casually in the management and control of the stationery and printing features of the said Standard Printing Company, the latter part of said business being directly controlled and managed by Vincent Fulco.”
 
 i
 

 “7. That the said orders for which the said defendant stands indicted were delivered to one Pat Newman, a commission salesman of the Standard Printing Company whose activities and duties were controlled by the said Vincent Fulco, and that the defendant Frank Fulco did not know that said orders were taken from Caddo Parish, or from the Police Jury of Caddo Parish, or for its benefit and did not know. that any charges therefor were set up on the books of the Standard Printing Com-', pany and did not know that payment therefor was made to the Standard Printing Company by or on behalf of the Police Jury of Caddo Parish or the Parish itself and did not know that his firm had dealt with Caddo Parish or the Police Jury of Caddo Parish in the manner and form set forth in these indictments and until the said indictments were made by the Grand Jury, but that he knew his firm had obtained like orders from Caddo Parish in the past without objection from defendant.”
 

 The statement shows further that the total amount received by the’ Standard Printing Company for the sales mentioned in the indictments was $45.50 of which 15% was paid as a commission to Newman; that the prices charged to Caddo Parish for the items sold were below the list prices
 
 *552
 
 and were fair- and reasonable;-' that the total gross ■ profit made • on -the three sales “will not exceed the sum of -Seven ($7.00) Dollars;- of which about Two -and 394oo ($2.30) Dollars would be allocable profit to' the said'defendant, Frank Fulco, before payment of the overhead expense.”
 

 Relator contends that under its express language, the gist of the offense denounced by Act 16 of 1920 consists' in a police juror drawing money from' the parish treasury other than for his per-diem and mileage; that this’ clearly requires a voluntary act on the part of the police juror, an element wholly lacking in this case.
 

 i
 

 In his. return to the rule nisi, the respondent judge.avers that specific intent is not required-by the-.provisions of the statute, the act denounced therein being one of those classified in- law as' mala prohibita, the doing of which is per se an offense. Respondent avers that relator is a member of the Police Jury of Caddo Parish and is a member and part owner'-of the Standard Printing Company, a co-partnership; that money was drawn from the treasury of thé Parish of Caddo by chécks and warrants-made payable to the Standard Printing Company for printing, supplies, and stationery, which checks and vouchers were received, endorsed and cashed'by the Standard Printing Company; that the proceeds of the checks and warrants thus inured to the Standard Printing Company and both directly and indirectly to every member and partner thereof, including relator, thereby constituting the drawing of money’ by relator, a member’Of the'Police Jury of Caddo Parish,- from the parish -treasury, directly-and indirectly,-other than his per diem and mileage. Respondent further avers that the indictments upon which relator was convicted were three of fifteen, indictments returned by the grand jury against relator charging similar offenses, but on different dates and involving different transactions and amounts; that twelve of-, these indictments were dismissed on pleas of prescription of six months; that the transactions involved in these indictments covered a period of approximately twenty months, and that the continuity and regularity of these transactions, as well as the transactions covered by the indictments on which relator was convicted • and sentenced, evidenced a systematic course of dealing with the relator’s firm, Standard Printing Company, and the Parish of Cad-do, of which, according to the-admission in the stipulation of facts, relator had full knowledge and'to which course of dealing respondent found as a-fact that relator assented; that while relator may not have known of each item of business at the time of its transaction, he was aware of the existence of the course of dealing, assented to its continuation, and received the benefits flowing therefrom. The respondent prayed that relator’s application for writs of certiorari and prohibition be denied.
 

 There is a well recognized distinction between acts mala in se and mala prohibita. Under the latter, the general rule that criminal intent is the essence of the crime does not always apply to the prohibited act
 

 
 *554
 
 An evil intention or guilty knowledge, which is an essential part of crimes at common law, is, in some cases but not in others, held to be an element of crimes created by statute. The view is taken in some cases that a criminal intent is not a necessary element of offenses which are merely mala prohibita, where no provision is made as to intention. Whether a criminal intent or guilty knowledge is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design. 14 Am.Jur., Criminal Law, § 24, pp. 784, 785; 16 C.J., Criminal Law, § 42, p. 76.
 

 No crime can exist without the combination of a criminal act and a criminal intent, or the unlawful doing of a wrongful act. State v. Howard, 162 La. 719, 111 So. 72.
 

 Intent is an element of voluntary action and as all crimes, except those of omission, must be voluntary actions, intent is a constituent element of all criminal acts. But it is not necessary for an act to amount to a statutory crime that the offender must intend to do the crime to which his act amounts, but it is necessary that he intended to do the act which constitutes the crime.
 

 The serious question of whether intent is a necessary element of the offense denounced by the statute, under which relator was indicted, must yield to the even more serious question of whether the charge, as laid in the indictment, and the admitted facts under the charge, are-sufficient to sustain relator’s convictions for violating the law.
 

 The indictment in case No. 36132 of. the criminal docket of .the First Judicial District Court, Parish of Caddo, charges that Frank Fulco, .“being a Police Juror in and for Ward Four of Caddo Parish, Louisiana, did draw money from his Parish Treasury directly and indirectly other than his per diem and mileage in the amount of Five and-39ioo ($5.30) Dollars, the same being payment of sales of merchandise and printing and stationery and supplies to Police Jury of Caddo Parish, Louisiana, by Standard Printing Company, a partnership, the said Frank Fulco being, when said sales were made and said money drawn, owner and member and partner of said Standard Printing Company and Police Juror as aforesaid.”
 

 The other indictments, bearing Nos. 36133 and 36134 of the criminal docket óf the District Court for the Parish of Caddo, with the exception of the dates and the amounts, are couched in the identical language as the indictment returned in case No. 36132.
 

 An examination of the wording of the indictments discloses that the charge that relator, a member of the police jury, drew money from the parish treasury, is the statement of a legal conclusion of the pleader and not of a material fact going to constitute the offense denounced by the statute. The particular facts, upon which the conclusion of the pleader .is founded and from which it must be determined whether the act charged is within the terms of the statute, are that the money was drawn from the parish treasury in payment of sales of merchandise, printing, stationery, and sup
 
 *556
 
 plies to the police jury “by the Standard Printing Company, a partnership, the said Frank Fulco being, when said sales were made and said money drawn, owner and member and partner of said Standard Printing Company and Police Juror, as aforesaid.”
 

 Thus it appears that although each of the indictments contains the general allegation that relator, while a police juror, drew money from the parish treasury, this general allegation, when construed with and qualified by the particular allegations upon which it is based, shows that the drawing of the money from the parish treasury was done by the Standard Printing Company, a partnership of which relator was a partner and member. Nowhere in the indictment is it charged that relator received any money from the Standard Printing Company and thereby indirectly drew any money out of the parish treasury.
 

 An indictment must allege every material fact going to constitute the
 
 offense
 
 with precision and certainty and can not be aided by intendment. The lack of precision and certainty of material allegations of the indictment in this case is followed by the lack of precision and certainty in the facts admitted as being the true facts upon which the charges against relator are predicated.
 

 As shown by the agreed statement of facts, the orders for supplies and printing were placed with and accepted by the Standard Printing Company through one Pat' Newman, a commission salesman whose activities were controlled by Vincent Fulco; that the principal duties of the relator, Frank Fulco, as a member of the partnership, was to edit the weekly newspaper known as the News Record, and he did not participate, except incidentally and casually, in the management and control of the printing and stationery portion of the business conducted by the Standard Printing Company, which was directly controlled and managed by Vincent Fulco; that relator did not know that the orders were taken from Caddo Parish, or from the Police Jury of Caddo Parish, or for its benefit, and did not know that any charges therefor were set up on the books of the Standard Printing Company, and that payment therefor was made to the printing company by or on behalf of the police jury, and that relator did not know that his firm had dealt with the police jury of the Parish of Cad-do in the manner and as set forth in the indictments until the indictments were actually returned by the grand jury, although he knew his firm had, in the past, obtained similar orders from Caddo Parish without objection from him; that the prices charged the parish by. the printing company were below the list price and were fair and reasonable; and that the total amount received by the printing company for the sales was $45.50, out of which the company paid' Newman a commission of .fifteen per cent. Paragraph 10 of the agreed statement of facts reads as follows:
 

 “That the total gross profit made on these three sales will not exceed the sum of Seven ($7.00) Dollars, of which about Two and 39ioo ($2.30) Dollars would be allocable
 
 *558
 
 profit to the said Frank Fulco before payment of the overhead expense.”
 

 Although the statement of facts shows that the Standard Printing Company received from the treasury of Caddo Parish the amount set forth in the indictments, it does not show that relator received any part of that money. The only thing shown in this record is that the profit made by the Standard Printing Company on the sales would not exceed $7, “of which amount Two and 39ioo ($2.30) Dollars would be allocable profit to the said Frank Fulco before payment of the overhead expense,” that is to say, the profit, if any, made by the Standard Printing Company was not distributed, or even allotted to relator, but it was merely “allocable” to him. In accounting, “allocable” means that an item is assignable to a particular account. See “allocable,” Webster’s New International Dictionary, Second Edition. In other words, the profit, if any, accruing to the Standard Printing Company was not even assigned to relator, but was merely assignable to his account.
 

 In the event the business of the Standard Printing Company should fail to earn a profit, or if it should become bankrupt, it is clear that relator would not receive any money as a result of his one-third interest in the firm.
 

 If it be true, as contended by the State, that Act 16 of 1920 infers a criminal intent from the doing of the act which it prohibits, nevertheless, it is incumbent on the State to show that the unlawful act was voluntarily done by relator. Neither the indictment nor the admitted facts show this. On the contrary, they affirmatively show that relator not only did not voluntarily do the act which, under the contention of the State, would in itself infer a criminal intent, but that he never did the act at all.
 

 Since neither the allegations of the indictment nor the admitted facts bring this case within the provisions of Act 16 of 1920, relator’s convictions can not be sustained.
 

 In his return to the rule nisi, the respondent judge refers to other indictments involving similar transactions brought against relator, which were dismissed on pleas of prescription. In making this reference, respondent necessarily assumes that the other indictments were valid, although relator was not tried and convicted thereon. Those indictments, however, are not before the court, whatever might be their evidentiary value as tending to show a systematic course of dealing by the Standard Printing Company and the police jury.
 

 This case was tried and decided, and relator was convicted, solely on the agreed statement of facts. There is no other evidence in the record.. From the reference to the prior charges against relator contained in his return, it is apparent the opinion of the respondent judge that relator was guilty in the cases under review, was not based solely on the facts developed on the trial of those cases, but was largely, if not entirely, based on certain information in his possession dehors the record.
 

 We are unable to consider or give effect to any information possessed by the trial judge outside the record. The rule
 
 *560
 
 is well settled that in a judicial trial the facts must be found in accordance with the evidence submitted, unaffected by the 'personal opinion or prior knowledge of the judge who tries the case. State v. Armitage, 167 La. 70, 118 So. 696.
 

 For the reasons assigned, the rule nisi herein issued is made absolute, and it is now ordered that the convictions and sentences of relator, under review herein, be annulled and that relator be discharged.