ROGERS, Justice.
 

 Louis Mahfouz, a white man, was jointly indicted with two negroes, Frank Rhodes and Eddie Woods, for stealing a steer, the property of H. A. Turner. The negroes pleaded guilty to the offense and were sentenced to the penitentiary. Mahfouz was tried and convicted on the charge and was also sentenced to the penitentiary. Fie appealed and complains, among other things, that, over his objection, the State was permitted to introduce as rebuttal evidence what, in reality, was not rebuttal evidence, to the prejudice of his rights.
 

 On the trial, the State called as witnesses to make out its case in chief the negroes,' Frank Rhodes and Eddie Woods, who had been jointly indicted with the defendant Mahfouz. Both negroes testified that Frank Rhodes sold the stolen steer to Mahfouz, together with a yearling belonging to another person, for $13.' Woods further testified that Rhodes gave him $6 of the $13 which he had received from Mahfouz.
 

 The theory of the prosecution, as we understand it, is that the vileness of the price paid for the steer and the yearling was a fact from which a natural and reasonable inference arose that Mahfouz was one of the perpetrators of the offense.
 

 Defendant did not deny that he bought the steer and the yearling from Rhodes, but offered testimony showing that he paid Rhodes $30 for them, which he contended was a fair price.
 

 After 'the State had closed -its case -in chief and after defendant had closed and rested his case, the State called the prosecuting witness, H. A. Turner, in rebuttal, after he had been released from the rule under which the witnesses had been placed at the beginning of the trial. Mr. Turner was asked whether he saw the defendant in the courthouse -in Vidalia the morning after he was arrested and whether, in answer to a question propounded by him, defendant stated that he did not know the negro from whom he bought the Turner steer, but that he “was a tall slim negro about 35 years old, and that he had giv
 
 *219
 
 en the negro, Frank Rhodes, the sum of $2.00 for making the deal for him.”
 

 It is not important for the purpose of considering appellant’s complaint that, after testifying in chief and after he was released from the order sequestering all the witnesses in the case, Turner was recalled as a witness by the State. We shall pretermit, therefore, any discussion of that question and proceed to the consideration of the remaining question, which is whether the testimony sought to be elicited from Turner in rebuttal was admissible within the discretion of the trial judge with reservation of the right of defendant to rebut the testimony. State v. Foster, 150 La. 971, 91 So. 411; State v. Pierce, 169 La. 1025, 126 So. 514.
 

 We understand from the bill of exception that the testimony offered in chief shows that for $13 appellant purchased from Frank Rhodes the steer belonging to Turner and a yearling belonging to another person, and that, with the exception of the amount of the purchase price, the testimony was corroborated by that offered on ■behalf of the defendant. Defendant’s testimony shows that the purchase price of the steer and the yearling was $30, which defendant claims was their reasonable value. It will thus appear that the only conflict between the testimony of the witnesses for the State and the witnesses on behalf of the defendant was as to the amount of the purchase price received by Rhodes from the defendant. Defendant rested his case on that issue without taking the stand to testify in his own behalf. Neither the State nor the defendant offered any evidence to show that defendant purchased the steer and the yearling from any person other than Frank Rhodes. It is admitted by the State that the purpose of placing Turner on the stand in rebuttal was to show the jury that the defendant had made prior statements which contradicted the testimony offered in his behalf that for $30 he had purchased the steer and the yearling from Frank Rhodes.
 

 It is argued on behalf of the State that this testimony was admissible to meet.the defense that Mahfouz did not actually steal the steer, but acquired it by purchase from Frank Rhodes, and to show the jury that defendant had made prior contradictory statements which rebutted his contention. The argument is not sound.
 

 No testimony as to any statement made by the defendant concerning the transaction was offered either in chief or in his defense. Defendant did not take the stand as a witness in the case.
 

 It is clear that the State in recalling-Turner as a witness was not seeking to impeach the testimony of defendant’s witnesses by showing that the witnesses had made prior statements conflicting with their testimony on the witness stand. It is clear also that so far as the testimony was sought to impeach defendant himself,, it was irrelevant, .since defendant was not a witness in the case, and, consequently,, no foundation had been laid, or could be laid, to impeach him. The testimony was. not only irrelevant to the matters at issue on the trial, but it was calculated to-prejudice the jury against the defendant by relating an alleged injurious conversa
 
 *221
 
 tion with defendant when defendant was not in a position to meet the situation created by the admission of the testimony. This is so, because as the result of the ruling of the trial judge defendant was compelled either to take the stand to contradict the testimony offered by the State in rebuttal, or to remain off the stand and suffer the uncontradicted or unexplained testimony to go to the jury.
 

 In presenting his case, defendant had elected to establish his defense through sources other than by taking the witness stand himself. Defendant was entitled to do this without creating any presumption against him. Act 157 of 1916; State v. Liner, 166 La. 97, 116 So. 712. If defendant had taken the stand, he would have subjected himself to all the rules applicable to the cross-examination of other witnesses. State v. Louviere, 169 La. 109, 124 So. 188. By not taking the stand defendant escaped that ordeal, but he could not escape the unfavorable inference deducible from his silence. The incident was calculated to focus the attention of the jurors upon the fact that defendant did not testify in his own behalf and to warrant their assumption that defendant could not truthfully deny statements that materially affected his defense.
 

 Defendant objected to the testimony, as he had a right to do, and the failure of the trial judge to sustain the objection constitutes reversible error.
 

 There is only one other complaint of defendant that may arise again on the retrial of the case. That complaint is leveled at the refusal of the trial judge to sustain a motion to quash. Defendant alleges in his motion that one of the attesting witnesses to the procés verbal of the drawing of the grand jury was the chief deputy clerk of court for the Parish of Concordia and that by virtue of her office she was not a disinterested witness as required by law. There is no merit in the complaint.
 

 The record shows that in drawing the grand jury the clerk of court acted as one of the jury commissioners and the deputy clerk of court acted as one of the witnesses. Since the deputy clerk was not at the time a member of the jury commission, she was qualified to serve as a witness to the proceeding. State v. Striplin, 165 La. 215, 115 So. 464.
 

 For the reasons assigned, the conviction and sentence appealed from are annulled, and the case is remanded to the district court for a new trial.