O’NIELL, Chief Justice
 

 (concurring).
 

 In a criminal prosecution, proof of an admission made by the defendant, tending to incriminate him, is admissible, not merely to impeach his testimony if he has testified in the case, but also to prove his guilt. Statements made by other witnesses before the trial, inconsistent with their testimony on the trial, are only hearsay evidence, except for the purpose of discrediting the witness. Proof of such previous statements is not offered for the purpose of proving the fact or facts stated previously by the witness, but is .offered for the purpose' only of discrediting the testimony given by him on the witness stand. For that reason, the rule which requires that a witness shall be warned by being asked about the alleged previous statement, to lay the foundation for his impeachment, is not so applicable to previous admissions made by a party to the suit, particularly a civil suit. There is a difference of opinion as to whether the rule is applicable to an admission made previous to the trial by the defendant in a criminal prosecution. The majority opinion seems to be that such admissions, although they may furnish of themselves proof of guilt, are not admissible for the purpose of impeaching or discrediting the defendant as a witness unless he is first warned by being asked about the admission, and is given thus an opportunity to make his explanation before proof of the admission is offered to contradict him. I am referring, of course, to proof of an admission that is otherwise admissible as rebuttal evidence, as in this case. I subscribe to the majority opinion because, although there is less reason for applying the rulé to admissions made By a defendant in a criminal prosecution, than 'there is for applying it 'to previous statements made by other witnesses, nevertheless, proof of such an admission does tend to impeach the defendant as a witness, — whatever else it may do, — and for that reason it seems only fair that a defendant, as a witness, should have the same protection in that respect that is given to other witnesses. That view is supported by an expression in the opinion rendered in State v. Mahfouz, 197 La. 216, 1 So.2d 82, 83, — thus:
 

 “It is clear also that so far as the testimony was sought to impeach defendant
 
 *459
 
 himself, it was irrelevant, since defendant was not a witness in the case, and, consequently,
 
 no foundation had been laid, ot could be laid, io impeach him.”
 
 [The italics are mine.]
 

 On this subject see Wigmore on Evidence, 3d Ed., Vol. IV, p. 8, § 1051(1), concerning particularly the rule in civil cases; Jones on Evidence, Civil Cases, 4th Ed., Vol. 3, p. 1569, § 846 a; and on the subject generally, the same author, 2d Ed., Vol. 5, p. 3995, § 8126; and, for the rule in criminal cases, see State v. Clough, 327 Mo. 700, 38 S.W.2d 36, 37, — where it is held:
 

 “Proper foundation for impeaching witness by proof of prior contradictory statements or evidence given at former trial must be laid by asking witness if he made statement or gave evidence in question.
 

 “This rule applies to accused as well as to other witnesses, provided the statements or evidence were voluntarily made, though accused may not be cross-examined on any subject not referred to in the examination in chief.”
 

 The limitations on the right of the State to introduce in evidence an admission of a defendant in a criminal prosecution tending to prove his guilt, in Louisiana, are stated in the Constitution; and the limitations on’ the right to cross-examine the defendant if he testifies in his own behalf are governed by the provisions in the Code of Criminal Procedure. Those provisions are not the subject of discussion in this case.