John W. Magee is appealing from his conviction of manslaughter on an indictment charging him with the murder of Luther Barton and his sentence thereunder to serve 15 years at hard labor in the State Penitentiary, relying for the reversal thereof on errors allegedly made by the trial judge during the course of the trial, to which timely objection was made and proper bills of exceptions reserved.
The first bill was reserved when the state sought, over defendant's objection, to offer in evidence a bloody shirt worn by the deceased at the time of the homicide. The second and third bills were reserved to the ruling of the trial judge refusing to allow the accused to introduce testimony to establish that the deceased was a dangerous character and had, prior to the homicide, threatened the defendant. The next bill was reserved when the trial judge overruled the objection of the defendant to a statement by the district attorney in his *Page 678 
closing argument to the effect that the sheriff and his deputies, in their testimony, stated the accused told them that after leaving his home on the day of the homicide he went to the highway and there waited for the deceased to come along, and refused to instruct the jury to disregard this statement. The last bill was reserved when the court refused to grant the accused a new trial, the motion for such new trial being based upon the errors forming the basis of the first four bills of exceptions.
The basis for the objection to the introduction of the shirt, as set out in the bill of exceptions, is that (1) it had not been in the possession of the sheriff during the entire period that intervened between the homicide and the trial, the sheriff only having secured it three weeks before the trial from the widow of the deceased; and (2) it was introduced in evidence for the sole purpose of influencing the minds of the jury and prejudicing them against the accused.
The trial judge in his per curiam to this bill states: "At the time the District Attorney sought to offer the shirt in evidence Dorman A. Crowe, the Sheriff of Washington Parish, was testifying on behalf of the State and his testimony was to the effect that he had gone to the scene of the homicide shortly after its commission, where the deceased was lying in the road and that soon thereafter the Coroner of Washington Parish came to the scene and removed the *Page 679 
shirt from the body of the deceased. The witness further testified that the shirt sought to be offered in evidence was the identical shirt that he saw removed from the body of the deceased and was in the same condition as at the time of removal. The witness was positive in the identification of the shirt, as well as the fact it was in the same condition as when removed from the body of the deceased. The Sheriff had previously testified that the defendant had told him shortly after the killing that he had stood by a pine tree south of the highway in which the deceased's body was found. He further testified that he removed buckshot from a pine tree on the north side of the highway and that this tree was in a direct line with the body of the deceased, as well as the pine tree by which the defendant stated he was standing at the time of the shooting. Since the Coroner had previously testified that the deceased was shot in the head and the left shoulder and as the shirt had a hole in it at the left shoulder at the armpit, which was apparently made by a buckshot, I considered it proper to admit the shirt in evidence in order to show the relative positions of the deceased and the defendant at the time of the killing."
Clearly there is no merit to this bill for the shirt was properly identified and there is no suggestion that it was altered, or tampered with in any way. Furthermore, we think the evidence was clearly relevant *Page 680 
under the circumstances outlined by the trial judge in his per curiam. See, State v. Green, 160 La. 79, 106 So. 701; State v. Richey, 198 La. 88, 3 So.2d 285; and State v. Shotts,207 La. 898, 22 So.2d 209.
In his per curiam to Bills of Exceptions Nos. 2 and 3 (treated together because both are controlled by the same principle of law), the trial judge states he refused to allow the evidence sought to be offered of the dangerous character of the deceased and the threats he purportedly made to the defendant because the proper foundation for the introduction of such evidence had not been laid, that is, the evidence failed to show an overt act or hostile demonstration on the part of the deceased at the time of the homicide; in fact the trial judge was convinced the defendant was the aggressor.
Before evidence of dangerous character of the deceased or prior threats made by him against the accused can be admitted, it must be established to the satisfaction of the trial judge that an overt act or hostile demonstration was committed by the deceased toward the accused. Article 482 of the Code of Criminal Procedure. The trial judge's ruling on this question, however, is subject to review by this court on appeal. State v. Brown,172 La. 121, 133 So. 383; State v. Bridges, 175 La. 872,144 So. 602.
The overt act and hostile demonstration above referred to means any demonstration on the part of the deceased toward *Page 681 
the accused of such a character as to create in the mind of a reasonable person that his life is in danger or that he is in danger of receiving great bodily harm. See, State v. Jones,175 La. 1066, 145 So. 9, and the authorities therein cited.
We are convinced, as was the trial judge, that the proper foundation for the introduction of evidence tending to establish the dangerous character of the deceased or threats made by him toward the accused was not laid, for the evidence is not only convincing that the defendant was the aggressor but strongly indicates he actually shot the deceased from ambush.
The defendant's further contention that he is entitled to offer evidence of prior threats to explain his reason for being armed on the occasion for the homicide, under the well established rule that the defendant is always permitted to explain his preparation for the commission of the crime that has been established by the prosecution (Wharton's Criminal Evidence, 753), is untenable in this case because the defendant explained he was armed on this occasion in order that he might hunt squirrels.
Bill of Exceptions No. 4 is equally without merit. The trial judge properly refused to instruct the jury to disregard the statement of the district attorney in his closing argument that the defendant had told the sheriff and his chief deputy he had waited for the deceased by the highway. In the per curiam of the trial judge, by which *Page 682 
we are bound, it is pointed out that both the sheriff and his chief deputy had testified to this effect, in the absence of the jury as well as before the jury. Furthermore, the trial judge's ruling is substantiated by the evidence that appears in the record.
Bill of Exceptions No. 5, being based on the trial judge's refusal to grant the motion for a new trial that consisted of nothing more than the four errors just disposed of, presents nothing further for our consideration.
The conviction and sentence are affirmed.
O'NIELL, C. J., takes no part.