The alleged violation of § 14-237
of the General Statutes occurred at about noon on June 14, 1961, in the town of Newington on route 5, which was divided into two roadways by an esplanade. The defendant knew that this was a divided highway. At the time in question, he had been proceeding south at a point approximately opposite the Connecticut Light and Power Company, which was his destination. He had come to a stop in obedience to a traffic light. When a change of lights permitted, he turned left onto a crossover between the northbound and southbound roadways. He did so in the mistaken belief that the crossover continued easterly across route 5, thus permitting him to reach his destination. Upon perceiving that the crossover did not continue easterly across and beyond route 5, the defendant proceeded south in the northbound deceleration lane in the westerly portion of the northbound roadway. He thus continued south for a distance variously estimated at 50 to 100 yards, then crossed easterly over the two northbound concrete lanes onto a parking lot and thence to a driveway of the Connecticut Light and Power Company.
Several assignments of error are based on claims of facts erroneously found and on the court's failure to find certain facts. The changes sought would not directly affect the ultimate facts upon which the judgment depends. As no useful purpose would therefore be served by making these corrections, *Page 200 
they are not made. Whippoorwill Crest Co. v. Stratford,145 Conn. 268, 270.
Defendant argues that his conduct did not constitute a violation of § 14-237, which reads as follows: "Driving on divided highways. When any highway has been divided into two roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section, each vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over or across any such dividing space, barrier or section, except through an opening or at a crossover or intersection established by public authority." Defendant maintains that the facts do not indicate a "clearly indicated dividing section," as the statute provides. Photographs introduced in evidence by defendant show what appears to be a clearly indicated area. However, there is no finding bearing on this other than the court's description of the center dividing area as being an "esplanade." An "esplanade" is defined as "a grass plat; a lawn." This satisfies the statute, which requires not necessarily a "clearly indicated" dividing section; it is enough if there is simply "an intervening space" or "physical barrier." It is concluded therefore that the esplanade constitutes an intervening space and that this requisite of the statute has been fulfilled.
In his brief, defendant quotes the trial court as having stated that his conduct was the result of "an honest mistake," and that this thus showed an absence of criminal intent, which intent he says is essential to a finding of guilty. "Whether `knowingly' is or is not to be implied in the definition of a statutory crime, where it is not expressed, must be determined from the general scope of the Act, and from the nature of the evils to be avoided." State v.Gaetano, 96 Conn. 306, 316. Considering the exposure *Page 201 
to peril and danger to the motoring public inherent in a violation of the statute here involved — whether the violation be intentional or not — absolute compliance with the statute, regardless of intent or knowledge, should be required. See State
v. Salone, 22 Conn. Sup. 482. A motor vehicle statute concerning speeding was so interpreted inPeople v. Harrison, 183 App. Div. 812, 815 (N.Y.), the court holding that "`knowledge or intention forms no element of the offense. The act alone, irrespective of its motive, constitutes the crime.'"
 There is no error.
In this opinion DiCENZO and O'CONNOR, Js., concurred.