## STATE v. RICHARD JACOB KREMER.

114 N. W. (2d) 88.

March 16, 1962—No. 38,556.

*Franklin Petri, Jr.,* for appellant.

*Keith M. Stidd,* City Attorney, and *Paul T. Aitken,* Assistant City Attorney, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the Minneapolis municipal court.

Defendant was convicted of a violation of a Minneapolis ordinance for going through a "red flashing" traffic semaphore signal at an intersection without stopping.[1] He contended, and the trial court found,

---

[1]Minneapolis Code of Ordinances, § 413.080 (formerly § 913.8), reads as follows: "Whenever flashing red or yellow signals are used, they shall require obedience by vehicular traffic as follows: When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop be-

that he "was unable to stop because the brakes on his vehicle failed to operate; that defendant had experienced no prior brake trouble, and that the defendant had no knowledge of the defective condition of the brakes."

The court found the defendant guilty of failing to comply with the traffic semaphore signal. In a memorandum the court stated:

"The lack of knowledge or intent is immaterial when the violation of the ordinance is made criminal without reference to knowledge or due diligence. When an act is made a violation without regard to the existence of a specific intent, the existence of ignorance or a mistake of fact is no defense and cannot be shown.

\* \* \* \* \*

"Inasmuch as the ordinance under which defendant was charged does not make intent or knowledge essential to the commission of the offense, the only fact to be determined is whether the defendant did the act."

The issue that we must consider is whether the conclusion of the court that the defendant was guilty is sustained by the findings of fact.

It has long been settled that the legislature may forbid the doing of an act and make its commission criminal without regard to the intention, knowledge, or motive of the doer. 5 Dunnell, Dig. (3 ed.) § 2409, and cases cited under note 29.

However, this rule is subject to an important qualification. As stated in 5 Dunnell, Dig. (3 ed.) § 2409:

"\* \* \* It is not essential that the wrongdoer should intend to commit the crime to which his act amounts, but it is essential that he should intend to do the act which constitutes the crime."

See, also, State v. Laundy, 103 Ore. 443, 499, 204 P. 958, 976, 206 P. 290; 22 C. J. S., Criminal Law, § 30, p. 106.

The theory behind statutes which impose absolute liability is well explained in Morissette v. United States, 342 U. S. 246, 256, 72 S. Ct.

---

fore entering the nearest crosswalk at an intersection or at a limit line when marked, and the right to proceed shall be subject to the rules applicable after making a complete stop at a stop sign. \* \* \*"

240, 246, 96 L. ed. 288, 297. As to some activities, even though a person does not criminally intend the harm caused by his acts, he "usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities." But when there is no negligence, and no intent to do the act which turned out to be criminal, this rationale does not apply.

If the defendant here went through a stop light that he did not see, and was defending on the ground that he did so without any criminal intent, a court could be justified in finding him guilty of a violation of the ordinance involved. When the driver intends to proceed forward, or is negligent in any way, he can be held liable for his acts. However, we have a different situation here where the court found that he was unable to stop because the brakes on his car failed to operate; that he had experienced no prior brake trouble; and that he had no knowledge that his brakes were defective. A conviction under those facts and circumstances cannot stand.

There is no finding in this case that defendant knew or reasonably should have known of the defect in the car, or that there was any negligence. In addition the clear inference from the findings is that there was no intent to do the act which constituted the crime. Therefore, the conviction should be reversed.

Reversed.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.