From his conviction for the crime of failure to drive to the right on a curve in violation of § 14-235 of the General Statutes, the defendant has appealed, assigning as error certain findings of fact by the trial court, its refusal to find certain facts and its ultimate conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt. In view of the last assignment of error, we look beyond the finding and examine all the evidence, taking cognizance of the finding, however, as showing the court's conclusions from conflicting evidence, since it is for the trial court to pass on the weight and credibility of the evidence. State v.Annunziato, 145 Conn. 124, 135.
The facts as found by the trial court may be summarized as follows: Robert Burger was operating his car in a southeasterly direction on the right side of Old Mountain Road in Farmington, proceeding uphill on an extended curve to the right where the vision was poor. This road was fifteen feet eight inches wide with no center-line markings, but there was room enough for two cars to pass. The defendant was proceeding in the opposite direction and first saw the Burger car when it was about fifty feet distant. He applied his brakes, and his car veered to the left. The two cars collided, with damage to their respective left-front ends. Most of the road was dry, but there was some ice on the defendant's side of the road at or near the place of the collision.
Section 14-235 provides: "No vehicle shall be driven to the left side of the highway . . . upon a curve . . . where a free and unobstructed view of the highway ahead may not be had for a sufficient *Page 216 
distance to insure driving with safety . . . ." This statute creates a crime which is malum prohibitum. Crimes are either mala in se or mala prohibita, and intent is a necessary element. In crimes which are mala in se, a specific intent, a wrongful intent, to commit the crime must be established, but in crimes that are mala prohibita the only intent requisite to a conviction is the intent or purpose to do the prohibited act. See State v. Gaetano, 96 Conn. 306,316; State v. Turner, 60 Conn. 222, 226; Myers v.State, 1 Conn. 502, 504; Armour Packing Co. v.United States, 153 F. 1, 23, aff'd, 209 U.S. 56, 85;State v. Fulco, 194 La. 545, 553; State v. Zichfeld,23 Nev. 304, 316, 317; Gardner v. People, 62 N.Y. 299,304; People v. Anderson, 210 App. Div. 59, 72
(N.Y.); People v. Pinnock, 207 Misc. 1097, 1101
(N.Y.). In the Fulco case, the court said (p. 553): "Intent is an element of voluntary action and as all crimes, except those of omission, must be voluntary actions, intent is a constituent element of all criminal acts. But it is not necessary for an act to amount to a statutory crime that the offender must intend to do the crime to which his act amounts, but it is necessary that he intended to do the act which constitutes the crime." Absent such intent, no crime has been committed.
The defendant braked his car; it veered to the left; there was some ice on his side of the road. The only reasonable inference to be deduced from these facts is that the ice caused the car to skid to the left. The old maxim, "Actus me invito factus, non est meus actus [an act done by me against my will is not my act]," is appropriate to the situation in this case.
The cases of State v. Calhoun, 23 Conn. Sup. 198, and Danzell v. Smith, 150 Conn. 35, both cited in the brief of the state and in the brief of the defendant, are distinguishable. In the Calhoun case, the defendant, *Page 217 
proceeding south on a four-lane divided highway, turned left on a crossover between the northbound and southbound roadways in the mistaken belief that the crossover continued easterly across the highway; on discovering that it did not so continue, he proceeded south in the northbound lane for a short distance and then crossed the northbound lanes and exited from the highway. His claim that his conduct was the result of an honest mistake and that there was therefore no criminal intent was rejected by the court, which held that "knowingly" was not implied in the definition of the particular crime and that absolute compliance with the statute was required, irrespective of intent or knowledge. It is obvious that the defendant in the Calhoun case intentionally did the prohibited act. Similarly, in the Smith case the court held that the language of the particular statute must be given effect as expressed and that affirmative proof of an intent to commit the prohibited act is not required, there being a permissible inference from the doing of the act that the operator of the motor vehicle was the responsible agent in causing the act to be done; the court noted that the defendant did not take the stand or come forward with some explanation of his act.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.
In this opinion JACOBS and KINMONTH, JS., concurred.