## State of Connecticut *v.* Edward N. Halprin

### Appellate Division of the Circuit Court

File No. MV 5-23914

Argued July 11—decided September 2, 1966

*John J. Resnik,* of New Haven, for the appellant (defendant).

*Lewis A. Hurwitz,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. From his conviction for the crime of driving to the left side of the highway when approaching within 100 feet of, or crossing, any intersection, in violation of § 14-235 of the General Statutes, the defendant has appealed, assigning as error the refusal of the court to correct the finding and its ultimate conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt. In view of the last assignment of error, we look beyond the finding and examine all the evidence, taking cognizance of the finding, however, as show-

ing the court's conclusions from conflicting evidence, since it is for the trial court to pass on the weight and credibility of the evidence. *State* v. *Annunziato,* 145 Conn. 124, 135; *State* v. *Salvaggio,* 152 Conn. 716, 717. It therefore becomes unnecessary for us to consider the defendant's attack on the court's finding.

The court found the following facts: On March 13, 1966, at approximately 5:30 p.m., the defendant was operating his automobile in an easterly direction on Dogwood Road, a public highway in the town of Orange. Alling Farm Road intersects Dogwood Road on the south side. Dogwood Road is a two-lane highway, one lane for eastbound traffic and one lane for westbound traffic. The defendant passed another vehicle, also going in an easterly direction, to its left at the intersection of Dogwood Road with Alling Farm Road. There are no line dividers on Dogwood Road in the intersection or its immediate vicinity.

The basic question raised by the defendant is that the defendant must have an intent to do the act which constitutes the violation of the statute. The defendant's contention is that there were no "no passing" signs on Dogwood Road and that he was not aware of the intersection.

As in all such cases, there was conflicting evidence, but "[i]t is axiomatic that the credibility of witnesses and the weight to be accorded to evidence are within the sole province of the trier of fact." *Ramadei* v. *Saccavino,* 150 Conn. 700. The court's conclusions, if reasonably reached, are final. *State* v. *Annunziato,* supra. The defendant argued that the state failed to prove intent to commit the prohibited act. Affirmative proof of an intent to commit the prohibited act is not required, there being a permissible inference from the doing of the act that

the operator of the vehicle was the responsible agent in causing the act to be done. *Danzell* v. *Smith,* 150 Conn. 35, 38. Intention is a mental process and may be proved by the acts or conduct of a person charged with harboring it and by the fair inference which may be drawn from such acts or conduct. *State* v. *Mazzadra,* 141 Conn. 731, 735.

The defendant in his brief and argument relies on *State* v. *Binders,* 24 Conn. Sup. 214, 216, 1 Conn. Cir. Ct. 506, 508, taking one sentence out of the opinion: "Absent such intent, no crime has been committed." We feel the defendant has taken the sentence out of context and the *Binders* case is distinguishable, since in it the violation was caused by skidding on a patch of ice and there was no voluntary act of the defendant which caused the motor vehicle to do the prohibited act. In the instant case, the course of the defendant's motor vehicle was the voluntary act of the defendant. In every criminal case wherein the defendant is charged with a violation of our statutes relating to the operation of a motor vehicle upon the public highway, where the legislature has made it clear that the doing of the prohibited act shall constitute a violation, the statute must be given effect as expressed; the state makes out a prima facie case by showing that the defendant's motor vehicle committed the prohibited act; and affirmative proof of an intent to commit the prohibited act is not required, there being a permissible inference from the doing of the act that the operator was the responsible agent in causing the act to be done. *Danzell* v. *Smith,* supra. Considering the exposure to peril and the danger to the motoring public inherent in a violation of the statute here involved, whether the violation be intentional or not, absolute compliance with the statute should be required, regardless of intent or knowledge.

Upon all the evidence, including the inferences which the court was amply warranted in drawing, it was justified in concluding that the defendant was guilty of the offense charged beyond a reasonable doubt.

There is no error.

In this opinion JACOBS and LEVINE, Js., concurred.