STATE OF CONNECTICUT *v.* BRUCE H. WELLER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-28935

Argued January 9—decided March 3, 1967

*Francis R. Danaher,* of Meriden, for the appellant (defendant).

*Leander C. Gray,* assistant chief prosecuting attorney, for the appellee (state).

PRUYN, J. The defendant has appealed from his conviction by the court of the crime of speeding, claiming that the court erred in concluding upon all the evidence that he was guilty beyond a reasonable doubt.[1]

There was no finding and none was necessary. There is no dispute as to the facts which the court could have found: On April 1, 1966, at 5:15 p.m., the defendant was driving his 1965 Rambler northerly in Meriden on North Colony Road, where the posted speed limit was forty-five miles an hour. Another car passed him and then slowed down to about fifteen miles an hour to make a right turn, causing the defendant to slow down also. After the other car made the right turn the defendant pressed down on the accelerator of his car to increase its speed to thirty-five or forty miles an hour. He then let up on the accelerator but the pedal did not rise and the car gained speed. He tried to pull the pedal up and did pull it up, but the car kept on gaining speed, entering a radar zone at seventy-two miles an hour and continuing to gain speed to eighty miles an hour as it left the radar zone. This speed was clocked by the radar operator, and the defendant admitted that the car traveled at eighty miles an hour. The defendant then put the gearshift lever into neutral and of his own accord

[1] "Sec. 14-219. SPEEDING. (a) No person shall operate any motor vehicle upon any public highway of the state . . . at a rate of speed greater than is reasonable . . . . The following shall constitute violations of this section: . . . (2) the operation of a motor vehicle at a rate of speed greater than seventy miles per hour upon a multiple-lane, limited access highway or greater than sixty miles per hour upon any other highway. . . ."

stopped the car at the side of the road. The police officer had turned his vehicle around and chased the defendant but found he had stopped voluntarily without any signal from the officer. The car was towed to a service station where it was examined and it was found that the spring which closes the throttle plate was broken, the linkage had dropped down and there was no connection between the accelerator pedal and the carburetor. The throttle plate controls the amount of gasoline entering the carburetor. When the accelerator is depressed the throttle plate opens; when pressure is removed it will close by virtue of this spring. If the spring breaks and the throttle plate is halfway open, the throttle will open all the way and the car's speed will increase; if less than halfway, the throttle will close. It is normal in accelerating a car that the throttle plate opens halfway. When the spring broke, the defendant had no control over the amount of gasoline entering the carburetor and hence no control over its speed.

Such are the facts as revealed by the evidence. There is no evidence that the defendant knew or should have known that the spring would break or that the breaking of the spring was due to any fault whatsoever on his part. The sole question of law presented by this appeal is whether the defendant, with his car out of control as to its speed owing to no fault on his part, can be found guilty of the crime of speeding.

The speeding statute creates a crime which is malum prohibitum. "Crimes are either mala in se or mala prohibita, and intent is a necessary element. In crimes which are mala in se, a specific intent, a wrongful intent, to commit the crime must be established, but in crimes that are mala prohibita the only intent requisite to a conviction is the intent or

purpose to do the prohibited act." *State* v. *Binders,* 24 Conn. Sup. 214, 216, 1 Conn. Cir. Ct. 506, 507. "[I]t is not necessary for an act to amount to a statutory crime that the offender must intend to do the crime to which his act amounts, but it is necessary that he intended to do the act which constitutes the crime." *State* v. *Fulco,* 194 La. 545, 553; see *State* v. *Guerra,* 151 Conn. 159, 165. The act which constituted the crime in the case before us was the operation of the car at such a speed as would amount to a violation of the speeding statute. There is not one scintilla of evidence of any intent on the part of the defendant to do the prohibited act; in fact the evidence negatives any such intent.

Generally, the doing of the prohibited act supplies the necessary intent, there being a permissible inference therefrom that the operator of the car was the responsible agent in causing the act to be done, but that inference may be rebutted by some explanation. *Danzell* v. *Smith,* 150 Conn. 35, 41. "In this case the fact that the defendant's car was out of control of its driver when it crossed the center line of the street, in consequence of a collision which occurred without his fault, and therefore that the crossing was involuntary on his part, would prevent the application of the statute." *Giancarlo* v. *Karabanowski,* 124 Conn. 223, 226. And in another negligence action, the court upheld the trial court's charge to the jury: " 'But if you find that . . . both brakes were in good working order, and that there was no defect in the car known to him, or that ought to have been known to him, until something gave way, without any fault on his part, then you must conclude that it was an unavoidable accident, and your verdict must be for the defendant.' " *Romansky* v. *Cestaro,* 109 Conn. 654, 659. We conclude that the defendant has rebutted the inference of intent from the doing of the prohibited act and that

the state on all the evidence has failed to prove guilt beyond a reasonable doubt.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion DEARINGTON and KINMONTH, Js., concurred.

