STATE OF CONNECTICUT *v.* RALPH P. ZULLO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 9-25044

Argued May 15—decided September 15, 1967

*Robert I. Berdon,* of New Haven, for the appellant (defendant).

*Peter W. Gillies,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J.  On this appeal from the judgment of conviction of the charge of violation of the absolute speed limit provisions of the speeding statute, § 14-219 (a) (2), after a trial to the jury, the defendant has assigned as error two portions of the court's charge to the jury.  We test the sufficiency of the charge by the claims of proof of the parties as set forth in the finding.

The state offered evidence to prove and claimed to have proved that the defendant was operating his automobile on April 3, 1966, in the left or passing lane for eastbound traffic of the Connecticut Turnpike, a four-lane limited-access highway with two lanes in each direction separated by a median divider; that the defendant was passing other cars, increasing his speed so to do; that while he was passing other cars he was clocked by a state police officer for a distance of one mile at speeds not below seventy-six miles an hour and not above eighty miles an hour; that at the completion of the clock the arresting officer signaled the defendant to the side of the road; that the defendant stated to the arresting officer that he was not sure of his speed because his speedometer was not functioning and he was operating by his tachometer.

The defendant offered evidence to prove and claimed to have proved that immediately on leaving the Branford toll station of the Connecticut Turnpike he was operating his vehicle in the right lane for eastbound traffic at a speed not in excess of

sixty-four miles an hour; that shortly thereafter he pulled into the left lane to pass slower moving automobiles; that his speed at that time was between sixty and sixty-four miles an hour; that his speed was verified by his speedometer and tachometer; that on reaching a point marked by exit 63 and still in the passing lane, he noticed in his rear-view mirror a car approaching his rear with flashing red light at approximately a speed of ninety miles an hour; that traffic in the right lane was heavy and congested and at that time cars were in the right lane and it was impossible for the defendant to reenter the right lane; that to get out of the way of the vehicle with the flashing red light he increased his speed in order to pass the vehicles in the right lane; that the automobile with the flashing red light was a police cruiser chasing a third vehicle in front of the defendant; that the defendant was finally able to pull into the right lane, at which time the state police cruiser passed him, signaling him to follow; and that he did follow, and thereafter both the defendant and the operator of the third vehicle were arrested for speeding.

In its charge to the jury, the court referred to the speeding statute as follows: "The applicable statute is § 14-219 subdivision (a) (2) . . . That reads, and I will read the applicable portion to you, 'No person shall operate any motor vehicle upon any public highway of the state . . . at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, . . . the intersection of streets and . . . weather conditions. The following shall constitute violations of this section: . . .' and it goes on to contain other language which is not applicable. Then subdivision (a) (2): 'the operation of a motor vehicle at a rate of speed greater than seventy miles per hour upon a multiple-lane limited access highway . . . .' There is the

issue and it is very simple . . . . If you find here as a fact that this accused was operating more than seventy miles per hour at this particular time and place beyond a reasonable doubt, then, you would render a verdict of guilty. If you find that he was not operating his motor vehicle at a speed of more than seventy miles per hour at this particular time and this particular place, then, you would return a verdict of not guilty." Again, later on in the charge, the court repeated that the issue was whether the defendant was operating his motor vehicle at a speed greater than seventy miles an hour.

The defendant excepted to the portion of the charge which quoted the provisions of the statute concerning reasonableness of speed on the ground that reasonableness was not an issue since the defendant was charged with violation of the maximum speed limit. In *State* v. *Sivin,* 4 Conn. Cir. Ct. 93, 96, we said: "Since 1905, the reasonableness of the speed has been and still is the criterion by which a violation of the law against speeding is determined. Until 1963, there had been no limitation upon the determination of reasonableness. In that year, the General Assembly added the provision that speeds in excess of seventy miles an hour on a multiple-lane limited-access highway and sixty miles an hour on any other highway were violations of the statute. By this enactment, the legislature reaffirmed the principle of reasonableness of speed and made a legislative determination that speeds in excess of such limits were greater than were reasonable, irrespective of the prevailing conditions, thereby in effect establishing absolute speed limits." When this section of the charge is taken as a whole, it is obvious that the court correctly stated the law to the jury. The mention of reasonableness of speed, coupled with the maximum speed limit and followed by the court's statement, made to the jury not once

but twice, that the issue was simple and that if the jury found a speed in excess of seventy miles an hour they should render a verdict of guilty, could not have been confusing to the jury and was not prejudicial to the defendant.

The defendant also excepted to the portion of the charge which required the jury to bring in a verdict of guilty if they found that the defendant's speed was in excess of seventy miles an hour, on the ground that the court should have charged that if the defendant did not intend to drive at a speed in excess of the limit in making way for the emergency vehicle with the flashing red light which was following him he would not be guilty. The defendant made no request to charge on the question of intent. In any event, the charge as given was correct. The defendant relies on the doctrine of *State* v. *Binders,* 24 Conn. Sup. 214, 216, 1 Conn. Cir. Ct. 506, 507. In *Binders,* we considered the question of intent in respect to the commission of crimes and said: "Crimes are either mala in se or mala prohibita, and intent is a necessary element. In crimes which are mala in se, a specific intent, a wrongful intent, to commit the crime must be established, but in crimes that are mala prohibita the only intent requisite to a conviction is the intent or purpose to do the prohibited act." The speeding statute creates a crime which is malum prohibitum. *State* v. *Weller,* 4 Conn. Cir. Ct. 267, 269. Intent to do the prohibited act, and not intent to violate the law, is the only intent necessary for conviction of such a crime. *State* v. *Guerra,* 151 Conn. 159, 165. The prohibited act in the case before us was the operation of the car at a speed which would amount to a violation of the absolute speed limits in the speeding statute. In *Binders* and in *Weller* the prohibited acts occurred by reason of the cars being out of control of the operators without any fault on

their part—skidding on ice in *Binders* and the breaking of a part in *Weller*—thus negativing any intent. From the defendant's claims of proof in the instant case, it appears that on seeing the police cruiser he speeded up in order to pass the cars in the right lane to make way for the police cruiser. It is obvious that in so doing he intended to operate his car at a proscribed speed. His motive, to make way for the police cruiser, is of no consequence. The act itself, irrespective of his motive, constitutes the crime. *State* v. *Halprin,* 4 Conn. Cir. Ct. 9, 11; *State* v. *Calhoun,* 23 Conn. Sup. 198, 201, 1 Conn. Cir. Ct. 174, 177. Affirmative proof of an intent to do the prohibited act is not required, there being a permissible inference that the operator of the motor vehicle was the responsible agent in causing the act to be done. *Danzell* v. *Smith,* 150 Conn. 35, 39.

There is no error.

In this opinion JACOBS, J., concurred.[1]

---

[1] This appeal was argued on May 15, 1967, before an appellate panel consisting of *Pruyn, Jacobs* and *Levine, Js.* Before the rendition of this opinion, *Levine, J.,* was elevated to the Court of Common Pleas. The parties have stipulated that this appeal may be decided by *Pruyn* and *Jacobs, Js.*