107 N.J. Super. 93 (1969)
257 A.2d 120
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MILTON PACKIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1969.
Decided October 2, 1969.
*94 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Richard Silver argued the cause for appellant.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
*95 The opinion of the court was delivered by LABRECQUE, J.A.D.
Following a trial de novo defendant was convicted of driving 69 miles per hour in a 50-mile zone, in violation of N.J.S.A. 39:4-98(c). By this appeal he raises two points: (1) the State failed to establish a prima facie case, and (2) he was not "driving" the vehicle since it was being operated through a "cruise control," a device intended to automatically regulate its speed.
We find neither point to be meritorious. Whether defendant's automobile was being operated in excess of the speed limit was an issue of fact. There was ample testimony to support the court's conclusion that it was. State v. Johnson, 42 N.J. 146, 162 (1964). Defendant's speed was clocked by radar and there was proof to support the accuracy of the radar apparatus. Further, the state trooper who witnessed defendant's operation of the vehicle testified that it was being driven in excess of 60 miles per hour.
Defendant explained that the cruise control was operated by setting the speed desired on a dial and then throwing a lever. The device should then have maintained the rate of speed for which it is set until it was turned off or cut out by the application of the brakes. He testified that he had had the cruise control repaired early on the morning of the alleged offense and had thereafter set it at 50 miles per hour. He did not thereafter look at the speedometer but testified that the car "took off" and when he noticed the high rate of speed he stopped (or was in the process of stopping at the time he was flagged by the state trooper). He argues that (1) he was not driving the car, and (2) if he was his guilt was negated by his intention, as evidenced by his setting of the cruise control at 50 miles per hour, to keep within the speed limit.
We find both contentions to be devoid of merit. A motorist who entrusts his car to the control of an automatic device is "driving" the vehicle and is no less responsible for its operation if the device fails to perform a function which under the law he is required to perform. The safety of the public *96 requires that the obligation of a motorist to operate his vehicle in accordance with the Traffic Act may not be avoided by delegating a task he normally would perform to a mechanical device.
The trial judge found, and we agree, that defendant's conviction of violating N.J.S.A. 39:4-98(c) did not depend upon a showing that he intended to operate his vehicle at a speed in excess of the limit. 7 Am. Jur.2d, Automobiles and Highway Traffic § 193, p. 745 (1963); Annotation, 11 A.L.R. 1434 (1921); cf. Halsted v. State, 41 N.J.L. 552, 589-591 (E. & A. 1879). State v. Kremer, 262 Minn. 190, 114 N.W.2d 88 (Sup. Ct. 1962), on which defendant relies, is clearly inapposite. There defendant went through a flashing traffic signal at an intersection without stopping. It developed that his brakes had failed without prior warning and through no negligence on his part. Thus there was no opportunity to correct or counteract the malfunction. Here defendant was required to drive in conformity with the statutory speed limit and if he was unable to achieve that objective through use of the cruise control, he had but to touch the brake to disengage it and slow the car down.
The judgment of the County Court is accordingly affirmed.