(571 P.2d 65)
No. 48,886

STATE OF KANSAS, *Appellee,* v. KEITH W. BAKER, *Appellant.*

Opinion filed August 12, 1977.

*Larry T. Solomon* of Wunsch, Wunsch & Gaumer, of Kingman, for the appellant.

*Thomas J. Weilert,* assistant district attorney, *Vern Miller,* district attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

SPENCER, J.: Defendant has appealed his conviction of driving his motor vehicle at a speed of seventy-seven miles per hour in a fifty-five miles per hour zone in violation of K.S.A. 1976 Supp. 8-1336(a)(3).

Agreed upon facts are that prior to the trial of this matter to the court, the state moved to suppress evidence offered by the defendant that:

1. Defendant's cruise control stuck in the "accelerate" position causing the car to accelerate beyond the posted speed limit.

2. The defendant attempted to deactivate the cruise control by hitting the off button and the coast button and tapping the brakes.

3. These actions were not immediately successful in deactivating the cruise control.

4. Subsequent to the date of this incident, the defendant had the defective cruise control repaired.

The trial court sustained the motion, thus precluding the defendant from presenting the proffered evidence as a defense. Because of this ruling, defendant presented no defense and the plaintiff's evidence was uncontradicted and unimpeached. The result was that the defendant was found guilty of driving in excess of the posted speed limit, and, also, that defendant was the "driver" of the car as defined by K.S.A. 8-1416. The sentence of $10 and costs was suspended pending this appeal.

With some eloquence, the defendant states:

"Of all of the beacon principles of criminal liability which have shone bright during the development of Anglo-American Jurisprudence, the necessity of proving two basic elements of a crime have shone brightest. These two elements are: *a voluntary act* and *an evil intention.* To constitute a crime, the act must, except as otherwise provided by statute, be accompanied by a criminal intent. . . ."

Defendant cites 22 C.J.S., Criminal Law § 29 at 96-97, and 21 Am.Jur.2d, Criminal Law § 81 at 162-163. But, defendant readily concedes that a violation of the speeding statute (K.S.A. 1976 Supp. 8-1336) is an absolute liability offense when read in light of the absolute liability statute (K.S.A. 21-3204), which provides:

"A person may be guilty of an offense without having criminal intent if the crime is a misdemeanor and the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described. . . ."

Defendant admits that this statute does away with the necessity of proving intent to commit the misdemeanor and, further, that any evidence of the defective cruise control would be inadmissible if introduced merely to negate an intent or culpable state of mind on the part of the motorist. His contention is that the evidence was offered to show that his speeding was not a voluntary act and, therefore, there was no criminal liability. He suggests that the evidence of a defective cruise control goes specifically to whether his speeding was a voluntary act on his part and has nothing to do "with the intent, or state of mind, of the defendant to do the crime to which his act amounted." In sum, the defendant suggests that even though the charge against him was an absolute liability offense per K.S.A. 21-3204, the state must prove that he acted voluntarily.

Defendant directs attention to the Judicial Council comment to K.S.A. 21-3204 which cites *Morissette v. United States,* 342 U.S. 246, 96 L.Ed. 288, 72 S.Ct. 240 (1952), and argues that absolute liability would apply only where the injury does not occur as a result of "fortuity." He says that his act of speeding in this instance was due to fortuity, or chance, and, therefore, he should be allowed to present evidence showing the circumstances of the defective cruise control and that he could not prevent the act which resulted in the charge against him.

On the other hand, the state argues that one should not be

allowed to rely on a malfunction of an instrument to which he entrusts control of his automobile, offering as an excuse "fortuitous" circumstances to relieve himself of liability for his acts. It is suggested that "fortuitous" implies circumstances which arise from outside the defendant's vehicle. It is argued that our absolute liability statute (K.S.A. 21-3204) clearly indicates that the state need not prove the defendant acted voluntarily, but rather the defendant must prove that his offense is not within the scope of that statute because he acted involuntarily upon the compulsion of fortuitous circumstances.

Referring again to the Judicial Council comment to K.S.A. 21-3204 and the case of *Morissette v. United States,* supra, we note the following:

". . . The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities. . . ." (242 U.S. at 256.)

We have no doubt but that if defendant were able to establish that his act of speeding was the result of an unforeseen occurrence or circumstance, which was not caused by him and which he could not prevent, that such would constitute a valid defense to the charge. But, the evidence proffered suggests a malfunction of a device attached to the motor vehicle operated by the defendant over which he had or should have had absolute control. Defendant does not suggest that the operation of the motor vehicle on the day of his arrest was anything but a voluntary act on his part, nor that anyone other than himself activated the cruise control, which may have caused his excessive speed. Nor does he suggest that any occurrence or circumstance existed which required of him more care than society might reasonably expect. Furthermore, as suggested by the state, it appears that defendant was able to bring his vehicle under control and to a stop when directed to do so by the police.

In the New York case of *People v. Shaughnessy,* 66 Misc.2d 19, 319 N.Y.S.2d 626 (1971), it was held that a defendant could not be found guilty of violating an ordinance prohibiting entry upon private property because the defendant was merely a passenger in the trespassing car and the state's evidence failed to show an overt voluntary act of omission by the defendant. In the case of *State v. Kremer,* 262 Minn. 190, 114 N.W.2d 88 (1962), the Minnesota

Supreme Court held that a defendant could not be guilty of violating a city ordinance requiring all traffic to stop at a flashing red light when the evidence showed that defendant's brakes failed with no prior warning to the defendant. Again, the court found no overt voluntary act on the part of the defendant.

Among other cases cited by the defendant are *State v. Binders,* 24 Conn. Supp. 214, 189 A.2d 408 (1962), and *State v. Weller,* 4 Conn. Cir. 267, 230 A.2d 242 (1967). In *Binders,* the court on appeal reversed the trial court's conviction of the defendant for failing to drive to the right of a curve. The court stated that the evidence failed to show that the defendant intended to drive on the left side and that all inferences would lead one to believe that the defendant skidded on the ice. The court explained that even if the crime is *malum prohibitum,* in which no specific criminal intent need be proven for conviction, "the only intent requisite to a conviction is the intent or purpose to do the prohibited act." In *Weller,* the Connecticut court stated that the defendant had a valid defense to the speeding charge because the spring which closes the throttle plate broke due to no fault of the defendant. The court reasoned that because "[t]here is not one scintilla of evidence of any intent on the part of the defendant to do the prohibited act . . .," the defendant's conviction should be overturned.

It is interesting to note that apparently Connecticut does not have an absolute liability statute similar to K.S.A. 21-3204. Research also reveals that the same Connecticut court was willing to distinguish both *Wellers* and *Binders* in the speeding case of *State v. Zullo,* 4 Conn. Cir. 573, 236 A.2d 718 (1967). In *Zullo,* although the court upheld the previous "intent to do the prohibited act" language, it further stated that there is no need to prove that intent because there is a permissible inference that the driver was the agent responsible in causing the act to be done.

In *Kettering v. Greene,* 9 Ohio St.2d 26, 222 N.E.2d 638 (1966), the Ohio Supreme Court reversed the court of appeals in a *per curiam* opinion by reinstating the defendant's conviction on a violation of the city ordinance for failing to stop at a stop sign. The court of appeals had previously ruled that the defendant had established a legal excuse for failing to stop because he had no prior warning of any defect in the brakes and because he was, as a city bus driver, not the party responsible for the maintenance of

the brakes. The supreme court simply stated that the statutory requirement to stop at a stop sign is mandatory and that brake failure is not a legal excuse.

In support of its position, the state offers the case of *State v. Packin,* 107 N.J. Super. 93, 257 A.2d 120 (1969), wherein the court affirmed the defendant's conviction of speeding and stated that the conviction was not contingent upon a showing that he intended to go sixty-nine miles per hour in a fifty miles per hour zone. This is a case very similar to the case at bar. Packin argued that because he had set his cruise control at fifty miles per hour earlier in the day, he could not have had the intent to do the prohibited act. The court stated:

". . . Here defendant was required to drive in conformity with the statutory speed limit and if he was unable to achieve that objective through use of the cruise control, he had but to touch the brake to disengage it and slow the car down." (107 N.J. Super. at 96.)

The New Jersey court was therefore unwilling to allow the defendant to assert the defense that he did not have the requisite intent to do the prohibited act because he had set his cruise control at fifty miles per hour, but the cruise control malfunctioned. In that case it was stated:

". . . A motorist who entrusts his car to the control of an automatic device is 'driving' the vehicle and is no less responsible for its operation if the device fails to perform a function which under the law he is required to perform." (107 N.J. Super. at 95.)

In the case of *State v. Merrifield,* 180 Kan. 267, 303 P.2d 155, our supreme court, in considering the predecessor statute to K.S.A. 8-262 and the defendant's contention that he drove his automobile at the time and place in question at the request of the sheriff and therefore was not guilty of the charge, stated:

"It is clear that the statute makes it unlawful to drive a vehicle on the highways when the license to so drive has been suspended. The legislature made no exceptions, and the question of intent is not involved, and the motive or the circumstances under which the driving took place are immaterial. The legislature may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer, and where the legislative intention appears, it is incumbent upon the courts to give it effect, although the intent of the doer may have been innocent. The doing of an inhibited act constitutes the crime, and the moral turpitude or purity of motive by which it is prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt. . . ." (180 Kan. at 269.)

In our view, unexpected brake failure and unexpected malfunction of the throttle on an automobile, both being essential components to the operation of the vehicle, differ significantly from the malfunction of a cruise control device to which the driver has voluntarily delegated partial control of that automobile. We believe it must be said that defendant assumed the full operation of his motor vehicle and when he did so and activated the cruise control attached to that automobile, he clearly was the agent in causing the act of speeding. The safety and welfare of the public require that the motorist operate his vehicle in accordance with the maximum speed limits as set forth in K.S.A. 8-1336, and other rules of the road, and such obligations may not be avoided by delegating a task which he normally would perform to a mechanical device such as a cruise control.

Defendant contends that because of the malfunction of his cruise control he was not then the "driver" of the vehicle in the technical sense because he was not then in "actual physical control" of his vehicle as provided by K.S.A. 8-1416. On the basis of what has previously been said, we consider this argument to be entirely without merit.

Although the proffered evidence might well have been received by the trial court in explanation and mitigation of the offense charged, it was not a defense to that charge and would not have changed the ultimate result of the case. (*State v. Miller,* 131 Kan. 36, 289 Pac. 483.) Moreover, in noting the sentence imposed upon the finding of guilt, we must conclude that if any error was committed in sustaining the motion *in limine,* it was harmless error. (*State v. Winston,* 214 Kan. 525, 520 P.2d 1204.)

Judgment affirmed.