**STATE of Minnesota, Respondent,**

v.

**Robert D. MILLER, Appellant.**

**No. CX–86–987.**

Court of Appeals of Minnesota.

Nov. 4, 1986.

Hubert H. Humphrey, III, Atty. Gen., Edward Starr, City Atty., Patricia Ann Rogin, Asst. City Atty., St. Paul, for respondent.

Robert D. Miller, pro se.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Robert Miller was convicted of violating Minn.Stat. § 169.14 (1984), relating to speed restrictions. He argues that he did not intend to commit the act which constitutes a violation of the statute and that the trial court erred in not distinguishing lack of intent to commit the act from lack of intent to commit the crime of speeding. We affirm.

## FACTS

Appellant was driving on Arcade Street in St. Paul when he accidentally spilled hot coffee on himself. Startled and in pain, he briefly stepped on the accelerator of the car, without intending to do so. Radar placed his speed at 40 miles per hour in an area where the speed limit is 30 miles per hour. A citation was issued.

At trial, appellant argued that there is a difference between an intent to do an act and an intent to commit the crime. He acknowledged that liability could be imposed where there is no intent to commit the crime, but he contended that liability could not be imposed where there was no intent to do the act which constitutes a crime. The court found him guilty, but waived the fine. Respondent filed no appeal brief. Therefore, this matter was submitted for decision pursuant to Minn.R.Civ. App.P. 142.03.

## ISSUE

Did the trial court err in finding appellant guilty of violating the statute when he did not intend to do the act which constitutes a violation of Minn.Stat. § 169.14?

## ANALYSIS

While appellant recognizes that the statute does not require an intent to commit the offense charged, he argues that an intent to do the act is required. As a result, he asserts that conviction is improper because he did not intentionally step on the car's accelerator.

In *State v. Kremer,* 262 Minn. 190, 191, 114 N.W.2d 88, 89 (1962), the court recognized the power of the legislature to impose absolute liability, making the commission of an act criminal without regard to the intent of the doer to violate the law. Minn.Stat. § 169.14, subd. 2, imposes absolute liability when a vehicle is operated in a municipality at a speed in excess of the maximum limit established by the statute. *Butler v. Engel,* 243 Minn. 317, 336, 68 N.W.2d 226, 238 (1954). The court in *Kremer* concluded that, while it is not essential that the wrongdoer intended to commit the crime where absolute liability is imposed, it is essential that he intended to do the act that constitutes the crime. 262 Minn. at 191, 114 N.W.2d at 89. Appellant argues that the situation here is indistinguishable from that in *Kremer* and therefore the holding of *Kremer* controls and mandates reversal of appellant's conviction. We do not agree, and conclude that *Kremer,* indeed, can be distinguished from this case.

The defendant in *Kremer* was cited under a Minneapolis ordinance requiring drivers to stop at stop signals. The driver attempted to stop but was unable to do so because the brakes on his car failed. The driver did nothing to cause the car to fail to stop at the intersection. There had been no prior brake trouble and defendant had no knowledge that the brakes were defective. The situation was beyond the control of the driver. In determining that the ordinance did not impose liability under those circumstances, the court observed:

The theory behind statutes which impose absolute liability is well explained in *Morissette v. United States,* 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288, 297 [ (1952) ]. As to some activities, even though a person does not criminally intend the harm caused by his acts, he "usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it

might reasonably exact from one who assumed his responsibilities." But when there is no negligence, and no intent to do the act which turned out to be criminal, this rationale does not apply.

*Id.* at 191–92, 114 N.W.2d at 89. Based on the circumstances of *Kremer,* the supreme court did not apply the concept of absolute liability. In essence, the court found that the appellant was not in a position to prevent a violation of the ordinance and correspondingly had not failed to fulfill the responsibilities he had assumed as a driver.

Here, however, the driver decided to bring a cup of hot coffee into the car, intending to drive the vehicle. It was this act that set in motion the sequence of events leading to a violation of the statute. In contrast to the situation in *Kremer,* the driver here was in a position to prevent events causing a violation of the statute by simply refraining from bringing hot coffee into the car. Although he may not have been negligent in bringing the coffee into the car, by assuming the responsibility for operating a vehicle, the driver also assumed the responsibility for the consequences of his actions affecting the operation of the vehicle. Where the driver's actions ultimately result in a violation of the statute, a conviction under Minn.Stat. § 169.14, subd. 2, is appropriate. Although appellant may not have intended to step on the accelerator, causing the car to accelerate to 40 miles per hour, it was his earlier actions that led to the violation of the statute.

### DECISION

The trial court did not err in imposing absolute liability.

Affirmed.