(766 P.2d 823)

No. 61,425

V. Craig Nutt, *Appellant*, v. Robert Knutson and Horizon Mortgage Services, Inc., *Appellee*.

Opinion filed December 22, 1988.

*Ruth L. Landau*, of Overland Park, for the appellant.

*Ronald S. Reuter* and *Gregory M. Dennis*, of Perry & Hamill, of Overland Park, for the appellee.

Before Briscoe, P.J., Larson and Gernon, JJ.

Briscoe, J.: V. Craig Nutt appeals from the district court's granting of a directed verdict for defendants Robert Knutson and Horizon Mortgage Services, Inc. The district court found the oral contract between Nutt and defendants was void under the statute of frauds, K.S.A. 33-106.

Nutt contends the district court erred in granting defendants' motion for a directed verdict. Although the parties and the district court styled and dealt with the motion as one for a directed verdict under K.S.A. 1987 Supp. 60-250, we will treat the motion as a motion for involuntary dismissal under K.S.A. 60-241(b).

When a case is tried by the court without a jury and a defendant moves for judgment at the close of plaintiff's case, the defendant is seeking an involuntary dismissal under 60-241(b), not a directed verdict under 60-250. *Burks v. Whalen*, 208 Kan. 222, 223-24, 491 P.2d 940 (1971); *Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. 536, 550-53, 419 P.2d 847 (1966). This distinction is clear when the language of these two statutes is compared. K.S.A. 60-241(b) expressly provides that, in a trial to the court without a jury, following plaintiff's evidence, a defendant may move for involuntary dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. By this motion, the defendant is asking the court to try the facts, apply the law, and render judgment against the plaintiff. On the other hand, 60-250 makes express reference to the jury and is therefore inappropriate in a case tried without a jury. *Amino Brothers Co., Inc. v. Twin Caney Watershed District*, 206 Kan. 68, 73, 476 P.2d 228 (1970) (motion for involuntary dismissal treated as motion for directed verdict where case tried to jury). This interpretation is supported by the interpretation given the analogous federal rules, 41(b) and 50. *Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. at 550-53. Under the federal practice, a motion for directed verdict in a nonjury trial is treated as a motion for involuntary dismissal on review. 5 Moore's Federal Practice ¶ 41.13(4), p. 41-181 (2d ed. 1988); 9 Wright & Miller, Federal Practice and Procedure: Civil § 2371 (1971).

How we denominate defendants' motion has very important consequences because it affects the applicable appellate standard of review. The standard of appellate review of a motion for directed verdict requires this court to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought and, when the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. *Anderson v. National Carriers, Inc.*, 10 Kan. App. 2d 203, 209, 695 P.2d 1293, *rev. denied* 237 Kan. 886 (1985). In sharp contrast is the appellate standard of review applicable to orders of involuntary dismissal:

"Generally, when ruling on a motion for involuntary dismissal under K.S.A. 1981 Supp. 60-241(b) at the close of plaintiff's case, a trial judge sitting without a jury has the power to weigh and evaluate the evidence in the same manner as if he were adjudicating the case on the merits and making findings of fact at the

conclusion of the entire case. [Citation omitted.] On appellate review of an order of involuntary dismissal entered as per the situation above, the findings of fact made by the trial court will be upheld if there is substantial evidence to support them, and the evidence will be viewed in the light most favorable to the party prevailing at trial. [Citations omitted.]" *Baker v. R.D. Andersen Constr. Co.*, 7 Kan. App. 2d 568, 579, 644 P.2d 1354, *rev. denied* 231 Kan. 799 (1982).

Having concluded that we are dealing in this case with a motion for involuntary dismissal, we must view the evidence in the light most favorable to defendants and determine whether there is substantial competent evidence to support the district court's judgment. We note in passing that, by treating defendants' motion as a motion for directed verdict, the district court applied a standard more favorable to Nutt than he would have received had the court correctly treated the motion as a motion for involuntary dismissal.

K.S.A. 33-106 is the statute of frauds section relevant to this action:

"No action shall be brought whereby to charge a party . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."

In ruling on defendants' "motion for directed verdict," the court made the following findings of fact and conclusions of law:

"Counsel is correct in that a motion for directed verdict must be taken in the light most favorable to the plaintiff. And the Court must decide at this time if the plaintiff has made a case prima facie. In the pretrial order the plaintiff claims he entered into an oral contract with the defendants for the purpose of securing mortgage monies.

"Plaintiff contends that the elements of the contract included a fee split with variations and a noncircumvention and nondisclosure provision. Plaintiff's evidence has been that there was no time frame on the contract but that it was to go on—in essence, go on forever. Plaintiff's evidence shows the contract was to exceed one year.

"Plaintiff's evidence has shown that it was an oral contract with no element of the contract ever having been reduced to writing between the parties. As such, plaintiff's claim is barred by the statute of frauds that is contained in K.S.A. 33-106 and that his oral contract is unenforceable.

"Plaintiff's petition therefore must be dismissed and the defendant's motion for a directed verdict is sustained. Costs will be assessed against the plaintiff."

Therefore, the district court determined the contract would continue indefinitely into the future. Because forever is presumably

longer than a year, the court believed the agreement was within the statute of frauds. The evidence indicated that Nutt intended the contract to continue for life.

Nutt first contends the contract could be performed within one year and further that the possible death of Nutt within one year takes the agreement outside the statute of frauds. A review of the record, however, shows that Nutt failed to argue before the district court that the possibility of his death within one year removes the contract from the statute of frauds. Nor did Nutt make the related argument before the district court that his contract was in essence a contract for employment. A point not raised before or presented to the trial court cannot be raised for the first time on appeal. *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

Nutt next contends he fully performed his part of the agreement by introducing a source of funds to Horizon. In *Richard v. Kilborn*, 150 Kan. 579, Syl. ¶ 2, 95 P.2d 545 (1939), it was held:

"The provision of the statute of frauds relative to contracts, not in writing, which are 'not to be performed within the space of one year' is not to be applied to defeat the claim of one who has fully performed his part of an oral contract for personal services and nothing remains to be done under the contract but payment by the party who has received the benefit of the services."

Viewing the evidence in the light most favorable to defendants, we find there is substantial evidence to support the district court's judgment that the contract was not fully performed. There is substantial competent evidence that Nutt had not fully performed his part of the contract. Under the agreement, Nutt had a continuing obligation to introduce funds and to provide consulting services. Nutt himself testified that the agreement was long term or "lifetime." There is substantial competent evidence to support the conclusion that Nutt's initial introduction of the source of funds did not constitute full performance of this contract.

Nutt contends that, if the agreement is unenforceable under the statute of frauds, he is nevertheless entitled to recover under quantum meruit. A review of the record, however, shows that Nutt failed to raise this argument before the district court. Nutt relied on two theories before the district court: (1) that he had fully performed the contract, thereby removing the contract from the statute of frauds; and (2) that the checks issued to Nutt, coupled with the letter terminating the contract, were writings

which if read together constituted a contract. Quantum meruit was never mentioned. Again, a point which was not raised before or presented to the trial court cannot be raised for the first time on appeal. *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. at 552.

Finally, Nutt contends he has produced sufficient writings which, if read together, would establish a contract. To satisfy the statute, the writing must be complete in itself, leaving nothing to rest in parol. *Walton v. Piqua State Bank*, 204 Kan. 741, 748, 466 P.2d 316 (1970). The memorandum may consist of several writings if one of the writings is signed and the writings in the circumstances clearly indicate that they relate to the same transaction. Restatement (Second) of Contracts § 132 (1979). The only written evidence between the parties consists of the checks which Knutson gave to Nutt in 1985 and 1986 and the October 6, 1986, letter which terminated the agreement. Although the letter sent by Knutson to Nutt does admit there was an agreement, it does not set out in any detail the terms of the agreement. These writings, when read together, are insufficient to satisfy the statute of frauds.

Affirmed.