No. 61,425

V. Craig Nutt, *Appellant,* v. Robert Knutson and Horizon Mortgage Services, Inc., *Appellees.*

(776 P.2d 475)

Opinion filed July 14, 1989.

*Ruth L. Landau,* of Overland Park, argued the cause and was on the briefs for appellant.

*Ronald S. Reuter,* of Perry & Hamill, of Overland Park, argued the cause and *Gregory M. Dennis,* of the same firm, was with him on the briefs for appellees.

The opinion of the court was delivered by

Herd, J.: This is a breach of contract case. Craig Nutt appeals from the district court's directed verdict for Horizon Mortgage Services, Inc., (HMS) and Robert Knutson. The district court found an oral contract between Nutt and Knutson was void under the statute of frauds, K.S.A. 33-106. The Court of Appeals held that the district court had granted an involuntary dismissal rather than a directed verdict, but affirmed that part of the judgment relating to the statute of frauds. *Nutt v. Knutson,* 13 Kan. App. 2d 169, 766 P.2d 823 (1988). We granted review.

Nutt is a private business consultant. His father is the president and chief executive officer of Continental Western Life Insurance Company of Des Moines, Iowa (CWL). In 1985, CWL had excessive amounts of cash and desired to invest in mortgages in the Kansas City area.

HMS is a corporation involved in obtaining and marketing first mortgages in Johnson County for residential real estate. During 1985, Nutt was introduced to Knutson, president of HMS. Nutt informed Knutson he was interested in establishing a company

to originate mortgages for CWL. After various negotiations, Nutt and Knutson entered into an oral agreement. They agreed Nutt would find funds for Knutson/HMS to be used in financing real estate loans. In return, Knutson would pay Nutt a percentage and not reveal Nutt's involvement or circumvent Nutt by attempting to deal directly with CWL. The agreement was not reduced to writing.

On October 6, 1986, Knutson sent Nutt a letter which stated: "You are hereby notified that effective September 12, 1986, I have terminated the verbal arrangement we had regarding the payment of fees to you on the purchase of loans by your father's company."

Nutt testified that, during the course of his dealings with Knutson, CWL had placed funds in excess of $16 million with HMS. Nutt had received $65,294.50 from HMS pursuant to the oral agreement, but maintains that HMS owes him several hundred thousand dollars more.

Nutt filed suit seeking actual and punitive damages for Knutson's breach of contract. At the close of Nutt's case in chief, the district court granted Knutson's motion for a directed verdict, stating the agreement was unenforceable under the statute of frauds, K.S.A. 33-106, which requires a writing for contracts which cannot be performed within one year. The Court of Appeals held the district court had granted an involuntary dismissal per K.S.A. 60-241(b) rather than a directed verdict per K.S.A. 1988 Supp. 60-250, but affirmed that part of the judgment relating to the statute of frauds.

The primary issue in this case is whether the oral agreement between Nutt and Knutson is unenforceable under the statute of frauds. K.S.A. 33-106 provides in relevant part:

"**Specific cases where writing required.** No action shall be brought whereby to charge a party . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."

Nutt testified he intended his agreement with Knutson to be a "lifetime situation" and "a long-term business." The trial court found the agreement could not be performed within the space of one year and thus an action to recover upon the agreement was barred by the statute of frauds. Nutt argues the contract is for

personal services and could have been terminated at any time and thus could have been performed within one year. The Court of Appeals dismissed Nutt's argument that the possibility of his death within one year served to remove the agreement from the statute of frauds because it had not been raised at trial. 13 Kan. App. 2d at 172.

A party is not required, however, to raise arguments at trial in anticipation of a court's misinterpretation of the law. The district court erred in applying the statute of frauds in this case. "It is well settled that a contract of hiring which fixes no definite time for its termination is not within the statute [of frauds]." *Talbott v. Gaty,* 171 Kan. 136, 141, 231 P.2d 202 (1951). " 'Contracts of uncertain duration are simply excluded [from the statute of frauds]; the provision covers only those contracts whose performance cannot possibly be completed within a year.' " *Augusta Bank & Trust v. Broomfield,* 231 Kan. 52, 59, 643 P.2d 100 (1982).

The agreement between Nutt and Knutson was a contract for personal services terminable at the will of either party. The contract would also have terminated at the death of either party. It was thus clearly susceptible of performance within a year and is outside the statute of frauds.

Our determination that the contract could have been performed within in one year involves only a question of law which can be finally determined based on the admitted facts. Resolution of the issue is thus proper under *Johnson v. Kansas Neurological Institute,* 240 Kan. 123, 126, 727 P.2d 912 (1986), *overruled on other grounds, Denton v. Sunflower Electric Co-op,* 242 Kan. 430, 748 P.2d 420 (1988).

In light of this holding it is unnecessary to consider the other points raised on appeal. The decision of the Court of Appeals affirming the district court is reversed. The decision of the district court is reversed and this case is remanded with directions to continue the trial from the point where the directed verdict was granted. Nutt should be permitted to reopen his case in chief and offer additional evidence if he desires. Should the original trial judge be unable for any reason to complete this trial, then Nutt should be granted a new trial.