*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0512**

State of Minnesota,
Respondent,

vs.

Galen Dale Littlewind,
Appellant.

**Filed February 13, 2017
Reversed
Peterson, Judge**

Clay County District Court
File No. 14-CR-15-2050

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Smith, John, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this appeal from his conviction of escape from custody, appellant argues that the evidence was insufficient to sustain the conviction. We reverse.

## FACTS

Appellant Galen Dale Littlewind was in custody at the Clay County Jail in Moorhead. Littlewind had work-release privileges, which permitted him to go to work or to seek work during the day and required him to return to the jail after work. On June 8, 2015, Littlewind left to search for work, and he did not return. The next day, a warrant was issued for Littlewind's arrest for escape from custody in violation of Minn. Stat. § 609.485, subd. 2(1) (2014).

During the jury trial on the escape-from-custody charge, the state presented the testimony of only one witness, Deputy Miriam Masseth, who testified to the facts set forth above. Masseth did not testify about why Littlewind failed to return to the Clay County Jail.[1] The jury convicted Littlewind, and this appeal followed.

## DECISION

Littlewind argues that because no jury could reasonably conclude that his failure to return to the Clay County Jail was the result of an intentional act or omission, the evidence was insufficient to prove that he is guilty of escaping from custody. When a sufficiency-of-the-evidence claim involves the question of whether the defendant's conduct meets the

---

[1] On June 9, 2015, the Clay county Jail was notified that Littlewind was in custody in North Dakota.

statutory definition of an offense, an appellate court is presented with a question of statutory interpretation that is reviewed de novo. *State v. Hayes*, 826 N.W.2d 799, 803 (Minn. 2013). We assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). We determine "whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to allow a jury to reach a guilty verdict." *State v. Fleck*, 777 N.W.2d 233, 236 (Minn. 2010).

A person is guilty of escape from custody if he "escapes while held . . . in lawful custody on a charge or conviction of a crime." Minn. Stat. § 609.485, subd. 2(1). "'Escape' includes departure without lawful authority and failure to return to custody following temporary leave granted for a specific purpose or limited period." *Id.*, subd. 1 (2014).

It has long been recognized in Minnesota that the legislature may forbid an act and make committing the act a criminal offense without regard to the intention, knowledge, or motive of the actor. *State v. Kremer*, 262 Minn. 190, 191, 114 N.W.2d 88, 89 (1962). But the supreme court has stated that this rule is subject to the following important qualification: "It is not essential that the wrongdoer should intend to commit the crime to which his act amounts, but it is essential that he should intend to do the act which constitutes the crime." *Id*. (quotation omitted).

The supreme court applied this rule and qualification to the crime of escape and concluded that "the only intent required to constitute the crime of escape is the intent to do the act which results in the departure from custody." *State v. Kjeldahl*, 278 N.W.2d 58, 61 (Minn. 1979); *see also State v. Knox*, 311 Minn. 314, 322, 250 N.W.2d 147, 154 (1976)

3

(stating that "[u]nder [section] 609.485, the acts must be intentional and voluntary in order for the departure to constitute an escape"); *State v. Neisen*, 415 N.W.2d 326, 329 (Minn. 1987) (stating that "legislature does not intend an unreasonable result" and "if criminal liability, particularly gross misdemeanor or felony liability, is to be imposed for conduct unaccompanied by fault, the legislative intent to do so should be clear").

It is undisputed that Littlewind left the jail under the lawful authority provided by his work-release privileges; his departure was not an escape. It is also undisputed that he failed to return to the jail following his temporary leave to seek work. But to constitute an escape under *Kjeldahl* and *Knox*, his failure to return must have been an intentional and voluntary act. The issue before us is whether the evidence was sufficient to prove that Littlewind's failure to return to the Clay County Jail was an intentional and voluntary act. We conclude that it was not.

The evidence presented at trial showed only that Littlewind had work-release privileges while he was in custody at the jail, he left the jail according to these privileges, and he failed to return as required. The evidence revealed nothing about the circumstances of Littlewind's failure to return and provided no basis to conclude that his failure to return was an intentional and voluntary act. Therefore, the evidence was not sufficient to allow the jury to reach a guilty verdict.

The state bears the burden of proving all elements of a crime beyond a reasonable doubt. *State v. Struzyk*, 869 N.W.2d 280, 289 (Minn. 2015). When the state fails to produce evidence of an element of a crime sufficient to sustain a conviction, a defendant's conviction must be reversed on appeal. *See State v. Haywood*, 886 N.W.2d 485, 490-91

4

(Minn. 2016) (reversing conviction of defendant charged with felon in possession of a firearm, when defendant had an air-powered BB gun, not a firearm within the meaning of the statute).

**Reversed.**